## PEOPLE *v.* HERNANDEZ
### OPINION OF THE COURT

1. CRIMINAL LAW — DUE PROCESS — INFORMATION — SUFFICIENCY
   —SPECIFICITY.
   The charge contained in a criminal information must fairly
   apprise defendant of the particular transaction complained
   of and must be specific enough to permit defendant to
   prepare for trial and to prevent the danger of double jeop-
   ardy.

2. SAME—DUE PROCESS—INFORMATION—SUFFICIENCY—SPECIFICITY—
   SALE OF NARCOTIC—USE OF INTERMEDIARY.
   Complaint and information charging defendant with unlawfully
   selling narcotics to the complainant, a Federal agent, which
   fails to mention that the transaction was carried out through
   a third person is insufficient if the evidence shows that the
   defendant was not ever cognizant of the agent.

3. SAME—DUE PROCESS—RIGHT TO CROSS-EXAMINE WITNESS—PRE-
   LIMINARY EXAMINATION.
   The fact that one of the principal witnesses for the prosecution
   invoked her privilege against self-incrimination at the pre-
   liminary examination of defendant, thus preventing defense
   counsel from cross-examining her at that time, *held,* not a
   denial of due process, because a preliminary examination
   serves only the purpose of determining probable cause to
   believe that a crime was committed and that there is reason
   to believe that defendant committed it, and an examination
   into the entire transaction involved in the crime is not neces-
   sary (CL 1948, § 766.13).

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 41 Am Jur 2d, Indictments and Informations §§ 78, 79.
[3] 21 Am Jur 2d, Criminal Law §§ 337, 442, 443, 449.
[4] 21 Am Jur 2d, Criminal Law §§ 445, 456.
[5, 6] 5 Am Jur 2d, Arrest § 33; 21 Am Jur 2d, Criminal Law
  §§ 440, 441, 445.

4. Same—Due Process—Complaint—Delay in Arrest.

Delay of 42 days between the event complained of and the time defendant, an uneducated and illiterate man, was arrested and charged, when defendant could have been arrested at any time and there was no satisfactory explanation given for the delay, *held*, a denial of due process as depriving defendant of the use of his memory to determine the existence of witnesses and to establish a defense.

5. Same—Due Process—Delay in Arrest.

Delay between the time an event complained of occurs and the time when a defendant is arrested and charged is not a denial of due process if the delay is explainable, if it is not deliberate, and if defendant is not prejudiced in preparing a defense.

CONCURRING OPINION

McGREGOR, P. J.

6. Criminal Law—Due Process—Delay in Arrest—Evidence— Credibility of Witnesses—Corroborating Evidence—Arrest.

*The facts that defendant was not arrested until 42 days after an event complained of took place, even though he could have been arrested at any time, that his conviction rested heavily on the testimony of a witness of doubtful credibility, that there was no corroborating material evidence, that there was evidence of a "deal" between the prosecution and its main witness, that defendant was uneducated, illiterate, and did not understand English, and that he was arrested at 5 a.m., when four officers broke down his door and barged into his house with drawn revolvers, taken together, denied defendant his right to due process of law.*

Appeal from Saginaw, Huff (Eugene Snow), J. Submitted Division 3 June 4, 1968, at Grand Rapids. (Docket No. 3,627.) Decided December 23, 1968.

Frank Hernandez was convicted of selling a narcotic drug without a license. Defendant appeals. Reversed and defendant discharged from custody.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert B. Currie,* Prosecuting Attorney, and *Bruce J. Scorsone,* Chief Assistant Prosecuting Attorney, for the people.

*Martin & Martin,* for defendant.

C. KAUFMAN, J.     This is an appeal by Frank Hernandez from his conviction of having sold a narcotic drug, not being a licensee.[1]

The facts adduced at the trial in circuit court indicated that the complainant in this case was an undercover federal narcotics agent posing as one Steve Lorenz, a narcotic user.     This agent arranged by telephone from Detroit to meet one Alma Silva, a known narcotics peddler, at her apartment in Saginaw.     The two of them, after Alma Silva made arrangements by telephone, set out to meet the defendant at the Avenue Bar in the city of Saginaw. After entering the bar where other customers were present they sat at a table and ordered beer.     Alma Silva left the agent to talk to defendant who was also in the bar.     After some conversation with Frank Hernandez, she returned to the agent, obtained approximately $250 in marked bills, and thereupon went to a table where the defendant was seated and gave the defendant the marked money in exchange for a crumpled cigarette package in which a small packet of heroin was later found.     These events transpired at approximately 3:15 p.m. on September 21, 1964.     Nothing of any significance occurred until October 30, 1964, some 39 days later, when a warrant was issued charging defendant with the said illegal sale on September 21, 1964.     On November 2, 1964, at 5 a.m., some 42 days after the alleged

---

[1] CLS 1961, § 335.152 (Stat Ann 1957 Rev § 18.1122).

affair, defendant's home was broken into, searched, and defendant was arrested at gunpoint, although no effort to resist was made. The defendant, who neither reads nor writes the English language, has denied all knowledge of this transaction.

Also on November 2, Alma Silva was arrested and charged with the same violation. She was called as a witness at defendant's preliminary examination where she refused to testify, invoking her rights under the Fifth Amendment to the United States Constitution. She did, however, testify at defendant's trial to the general factual situation as aforementioned.

The information alleged that the defendant sold the heroin to the agent. It does not set forth the facts of the sale to Alma Silva either as the purchaser or as acting for the purchaser. The case of *People* v. *Brown* (1941), 299 Mich 1, holds that due process of law requires the charge must fairly apprise the defendant of the particular transaction complained of and to fix the scope of the prosecution. The two criteria for sufficiency of the charge in *Brown* are: specification to permit preparation for trial, and sufficient specification to prevent double jeopardy. The complaint and information charge a sale to the agent. The facts do not indicate in any respect that this defendant ever was cognizant of the agent. It therefore cannot be said that the charge satisfied the aforementioned criteria. This issue is not of prime importance in this case, although it would require at least a remand for a new complaint and information.

Defendant claims that he has been denied due process by the failure of the magistrate to afford him an examination into the whole matter. The relevant portion of the statute[2] provides that:

---

[2] CL 1948, § 766.13 (Stat Ann 1954 Rev § 28.931).

"If it shall appear to the magistrate upon examination of the whole matter, that an offense   *   *   *"

In the light of this provision defendant contends that the testimony of Alma Silva was necessary at the preliminary examination so that the magistrate could view "the whole matter." Historically, the purpose of a preliminary examination was to determine probable cause only, and just enough evidence as would prove probable cause was required. This Court, in *People* v. *Likely* (1966), 2 Mich App 458, 460 said that:

"All of the testimony or evidence need not be supplied at the preliminary examination   *   *   *"

It would therefore appear that the transaction in its entirety need not be gone into at the preliminary examination.

The important issue presented to this Court, and one which must determine this appeal, may be stated as follows: Was the defendant, under the facts present in this case, denied due process by the 42-day delay between the act complained of and the issuance of a warrant and arrest?

It appears from the evidence that the complainant made a careful and skillful preparation of the people's case. He took care that he be present when the sale was consummated, marked money was used, adequate chemical tests were made to establish the presence of heroin and the defendant was under surveillance both before and after the episode which led up to the complaint.

After all of this, the defendant was arrested some 42 days after the event complained of. No narcotics or marked money were found on the defendant. At this point he is required to defend the charge. Frank Hernandez and all defendants are entitled to any available defense and logic dictates

that timely notice of the charge may be, under some circumstances, "of the essence" in the preparation of a defense. Was it reasonable for this uneducated illiterate man to recall where he was, with whom he was, or what transpired 42 days previously? If, in fact, he were innocent, the more difficult it would be to recall the incidents of 42 days prior, under the facts herein. Should there have been a reasonable prompt notice of a complaint? Marked money was used, and never recovered. The only proof that defendant ever possessed such money was the bald testimony of a witness worthy of very little credence, at a time when it was within the grasp of the authorities to arrest this defendant and find the money in his possession, if indeed he ever possessed it. The facts in each case are to be fully considered and the balancing of interests must be weighed to determine whether there is a denial of due process. To do this in this case, we must consider the character and credibility of the witness, Alma Silva; the indication of a "deal" between that witness and the prosecution; the lack of corroborating material evidence; the incapabilities inherent in defendant's character; the indignity and unnecessary severity of the manner in which defendant was arrested; the alleged fact that there was marked money used which was not recovered and the delay of 42 days before arrest of the defendant, an uneducated illiterate man.

It is this evidence of *prejudice* that results in the violation of due process which the court refers to in *Ross* v. *United States* (1965), 349 F2d 210, *not the delay itself,* which is the guideline. No burden is imposed on the people until the defendant in the first instance makes out a meritorious showing of prejudice under the facts in the case, taking into consideration the alleged unwarranted

delay. We recognize that a delay may not be unusual in narcotics and counterfeiting cases, in order to allow proper inquiry into the whereabouts and sources of the contraband; however, where *some* prejudice is shown, as it is shown in this case, it can be permitted and not be the basis for a finding of lack of due process only where the following elements are present and shown clearly and convincingly to the trier of fact: (1) when the delay is explainable, (2) when it is not deliberate, (3) where no *undue* prejudice attaches to the defendant.

Under the facts in this case, we find procedural due process to be lacking. Nothing in this opinion should deter an examining court from binding a defendant over to the circuit or recorder's court for trial where probable cause is shown. The question of violation of due process is to be determined by the circuit or recorder's court.

Conviction of defendant is reversed without a new trial; defendant is to be discharged from custody.

HOLBROOK, J., concurred with C. KAUFMAN, J.

McGREGOR, P. J. *(concurring).* I agree that the conviction of defendant should be reversed, but not on the ground that an unexplained delay in arrest, allegedly causing undue prejudice to defendant, was a denial of due process. The delayed arrest is only one of a combination of factors which compel my decision. For example, the character and credibility of the witness, Alma Silva, the indications of a "deal" between that witness and the prosecution, the lack of corroborating material evidence, the incapabilities inherent in defendant's character, and the indignant and unnecessarily severe manner in which defendant was arrested, all coalesce with the delayed

arrest to produce the mephitic aroma enveloping this case. The various factors and circumstances together effectively deprived defendant of due process of law.

I vote to reverse.