PEOPLE v WHITE

CONSTITUTIONAL LAW—DUE PROCESS—CRIMINAL LAW—COMMENCE-
MENT OF PROCEEDINGS—DELAY—UNDUE PREJUDICE.
The guideline as to whether reversible error was committed when
there has been a delay between the date of an offense and the
commencement of criminal proceedings is whether the defend-
ant's right to procedural due process was violated, and such
violation will not be found when the delay is explainable, when
it was not deliberate, and where no undue prejudice attaches to
the defendant.

Appeal from Lapeer, Norman A. Baguley, J.
Submitted Division 2 February 5, 1975, at Detroit.
(Docket No. 20493.) Decided February 25, 1975.

John H. White was convicted of delivery or
possession with intent to deliver a controlled sub-
stance. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Martin E. Clements,*
Prosecuting Attorney, and *William Forsyth,* As-
sistant Prosecutor, for the people.

*Duckwall & Nowak,* for defendant on appeal.

Before: McGREGOR, P. J., and J. H. GILLIS and
QUINN, JJ.

QUINN, J. A jury convicted defendant of delivery
or possession with intent to deliver a controlled
substance, contrary to MCLA 335.341(1)(b); MSA

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 241 *et seq.*

18.1070(41)(1)(b). He was sentenced and he appeals on the basis of two alleged errors:

1. His motion to quash the information because 134 days elapsed between the date of the alleged offense and the filing of a complaint, issuance of a warrant and his arrest on August 24, 1973 should have been granted.

2. Denial of a requested instruction.

In support of alleged error one defendant cites *People v Hernandez,* 15 Mich App 141; 170 NW2d 851 (1968). As we read *Hernandez,* that authority requires affirmance. Delay between the date of the offense and the commencement of criminal proceedings is not the guideline, *Hernandez, supra,* at 146. A defendant has no constitutional right to be arrested, *People v Noble,* 18 Mich App 300; 170 NW2d 916 (1969).

The guideline is whether the record presents evidence of prejudice arising from the delay which violates a defendant's right to procedural due process, *Hernandez, supra,* at 146. If the record shows some prejudice, the delay is permissible and it is not the basis for a finding of lack of due process "only where the following elements are present and shown clearly and convincingly to the trier of fact: (1) when the delay is explainable, (2) when it is not deliberate, (3) where no *undue* prejudice attaches to the defendant". *Hernandez, supra,* 147.

The record discloses that the complainant was a police undercover agent who was working on 20 other cases. Precipitant action in this case of *White* might, as the trial judge observed, "blow the cover". The delay is explained.

The phrase "when it is not deliberate" is somewhat ambiguous, but read in context it means deliberate delay to prejudice the defendant. There is no showing on this record of that type of delay.

The only showing of prejudice to defendant because of the delay is his self-serving affidavit. This did not show "clearly and convincingly" to the trial judge that *undue* prejudice attached to defendant because of the delay. The self-serving affidavit does not show this Court clearly and convincingly that undue prejudice attached to defendant because of the delay.

The error alleged with respect to denial of a requested instruction is so unsubstantial as to require no comment.

Affirmed.