PEOPLE v ANDERSON

Docket No. 78-1383. Submitted December 12, 1978, at Lansing.—
Decided February 6, 1979.

Woodrow Anderson was convicted of delivery of cocaine, Kalama-
zoo Circuit Court, Patrick H. McCauley, J. The defendant
appeals, claiming 1) that he was denied due process because of
a delay of 4-1/2 months between the occurrence of the offense
and the time of his arrest, 2) that the trial court erred by
allowing the prosecution to impeach the defendant by use of a
prior conviction for the sale of heroin, 3) that he was entitled to
conduct an independent analysis of the alleged cocaine and
that the trial court's refusal to allow an independent scientific
examination by an expert of the defendant's own choice was
error, and 4) that the prosecutor failed to comply with the
statute which requires that a defendant be supplied immedi-
ately with copies of any crime-lab reports which are to be used
against a defendant at a preliminary examination and that as a
result of this failure, the trial court erred by admitting into
evidence a copy of a crime-lab report. *Held:*

1. The prosecution was able to justify the delay in arresting
the defendant, there was no showing that the delay was delib-
erate and the trial court's finding that the defendant suffered
no undue prejudice from the delay was not clearly erroneous.
Thus, there was no reversible error resulting from the lapse of
time between the occurrence of the crime and the defendant's
arrest.

2. The trial court recognized its discretion on the issue of
allowing impeachment of the defendant by use of evidence of
the prior conviction for sale of heroin and properly exercised
that discretion.

3. The trial court did not restrict the defendant's cross-exami-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest § 33.
[2] 21 Am Jur 2d, Criminal Law §§ 243, 248, 251.
[3] 21 Am Jur 2d, Criminal Law § 331.
   23 Am Jur 2d, Depositions and Discovery § 308.
[4] 23 Am Jur 2d, Depositions and Discovery § 307.
[5] 21 Am Jur 2d, Criminal Law § 449.
   30 Am Jur 2d, Evidence 1010.

nation of the analyst who identified the substance in question as cocaine. Thus, the trial court's refusal to allow independent analysis of the substance was not reversible error.

4. The defendant suffered no prejudice from the delay between the time the prosecution received the lab report and the time that it was furnished to the defendant. The delay did not result in reversible error and the trial court properly allowed the lab report to be admitted into evidence.

Affirmed.

1. CONSTITUTIONAL LAW — ARREST — DUE PROCESS — DELAY IN MAKING ARREST.

Mere delay between the time of the commission of an offense and arrest is not a denial of due process; there is no constitutional right to be arrested.

2. CONSTITUTIONAL LAW — DUE PROCESS — CRIMINAL LAW — COMMENCEMENT OF PROCEEDINGS — DELAY — UNDUE PREJUDICE.

The guideline as to whether reversible error was committed when there has been a delay between the date of an offense and the commencement of criminal proceedings is whether the defendant's right to procedural due process was violated, and such violation will not be found when the delay is explainable, when it was not deliberate, and where no undue prejudice attaches to the defendant.

3. DISCOVERY — CRIMINAL LAW — DISCRETION OF COURT.

Discovery in a criminal case is within the discretion of the trial court.

4. DISCOVERY — CRIMINAL LAW — DENIAL OF DISCOVERY — CROSS-EXAMINATION.

A trial court's denial of criminal discovery generally is not reversible error if a defendant is afforded full opportunity of cross-examination.

5. CRIMINAL LAW — EVIDENCE — CRIME-LAB REPORT — ADMISSIBILITY OF EVIDENCE — SUPPLYING DEFENDANT WITH REPORT — STATUTES.

A magistrate's ruling at a defendant's preliminary examination that a crime lab technician's report was admissible as evidence, despite objection by defense counsel to its admission on grounds that the prosecutor failed to furnish "immediately" to the defendant a copy of the technician's report, was proper where the defendant failed to show that he was prejudiced by the

prosecutor's delay in furnishing a copy of the report to the defendant (MCL 600.2167; MSA 27A.2167).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, *Stephen M. Wheeler,* Chief of Appellate Division, and *Judy A. Hughes,* Assistant Prosecuting Attorney, Appellate Division, for the people.

*Robert L. Hencken,* for defendant on appeal.

Before: R. B. BURNS, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

PER CURIAM. Defendant was convicted by a jury of delivery of cocaine, MCL 335.341(1)(b); MSA 18.1070(41)(1)(b), and sentenced to a term of 5 to 14 years in prison. He appeals as of right, raising four issues.

The transaction forming the basis for defendant's conviction occurred on December 2, 1975. Defendant was not arrested until April 14, 1976. He argues that this 4-1/2 month delay was a denial of due process because he was unable to remember the occurrence by the time of his trial.

Mere delay between the time of the commission of an offense and arrest is not a denial of due process. *People v Fiorini (On Rehearing),* 59 Mich App 243; 229 NW2d 399 (1975). There is no constitutional right to be arrested. *Hoffa v United States,* 385 US 293, 310; 87 S Ct 408; 17 L Ed 2d 374 (1966), *People v Noble,* 18 Mich App 300; 170 NW2d 916 (1969). Rather, the guideline is whether the record presents evidence of prejudice resulting from the delay which violates a defendant's right to procedural due process. *People v White,* 59 Mich App 164; 229 NW2d 357 (1975), *People v Hernan-*

*dez,* 15 Mich App 141; 170 NW2d 851 (1968). Defendant at bar alleges prejudice because of memory loss—both his own and that of his witnesses.

Even a showing of some evidence is insufficient to mandate reversal for a pre-arrest delay. If the prosecutor is able to explain the delay, show that it was not done deliberately to prejudice the defendant, and establish that no undue prejudice resulted from the delay, then a conviction may still be upheld. *Hernandez, supra,* at 147, *White, supra,* at 165.

The prosecution justified the delay on the ground than an earlier arrest would have impaired the undercover agent's ability to conduct an ongoing narcotics investigation. This is an adequate explanation for such a delay. *White, supra, People v Rios,* 27 Mich App 54, 58; 183 NW2d 321 (1970), *rev'd on other grounds,* 386 Mich 172 (1971). There was no showing that the delay was deliberate. Finally, the trial court's finding that no undue prejudice resulted is not clearly erroneous. The requirements of *Hernandez* have, therefore, been met. *People v Rhymes,* 62 Mich App 27; 233 NW2d 171 (1975).

Defendant next argues that the trial court erred by allowing the prosecutor to impeach him by use of a prior conviction for the sale of heroin. The court recognized and properly exercised its discretion on the matter pursuant to *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

The third argument raised by defendant is that he was entitled to conduct an independent analysis of the alleged cocaine. Discovery in a criminal case is within the discretion of the trial court. *People v Maranian,* 359 Mich 361, 368; 102 NW2d 568 (1960). At present there is no inherent right to

conduct an independent scientific examination with an expert of one's own choice. *People v Bell,* 74 Mich App 270, 275; 253 NW2d 726 (1977). Generally, a trial court's denial of criminal discovery is not reversible if defendant is afforded full opportunity of cross-examination. *People v Jesse Smith,* 81 Mich App 190; 265 NW2d 77 (1978). In the instant case defense counsel's cross-examination of the analyst who identified the cocaine was not restricted by the trial court.

Finally, defendant argues that the prosecutor failed to comply with MCL 600.2167; MSA 27A.2167.

"(1) In a preliminary examination or grand jury proceeding, a report of the findings of a technician of the division of crime detection of the department of public health or a technician of the scientific laboratory section of the department of state police, signed by that technician, or a notarized copy of the report, may be received in evidence in place of the technician's appearance and testimony.

"(2) Prior to a preliminary examination at which the technician's report of findings will be introduced in evidence, 2 copies of the report shall be furnished to the prosecuting attorney. The prosecuting attorney shall immediately furnish 1 copy of the technician's report to the defense attorney or, if an appearance or appointment of defense counsel has not been filed, to the defendant.

"(3) The prosecuting attorney, upon receiving copies of the technician's report, shall notify the court before which the preliminary examination will be held that copies of the technician's report are in the prosecutor's possession. If the prosecuting attorney fails to notify the court that he has received copies of the technician's report not less than 5 days before the day set for preliminary examination, the court shall adjourn the preliminary examination.

"(4) An accused person or his attorney may request

that the technician testify in person at the preliminary examination on behalf of the state by serving written notice on the prosecuting attorney not more than 5 days after receiving a copy of the technician's report of findings from the prosecuting attorney."

At the preliminary examination, the people sought to introduce the technician's report. Defendant objected to its admission on the grounds that it was not furnished to him "immediately" as required by subsection 2 of the statute. The record indicates that the prosecutor held the report for five days before defendant received a copy. The examining magistrate ruled the report was admissible.

That ruling was correct. The statute is designed to reduce the number of times a drug analyst is required to testify in criminal proceedings. Nevertheless, upon timely demand, the technician must appear in person at the preliminary examination. MCL 600.2167(4); MSA 27A.2167(4).

No prejudice resulted to defendant from the five-day delay between the time the prosecutor received the report and the time it was furnished to defendant. Defendant received the report April 19, 1976, and the preliminary examination was not held until May 11, 1976. Consequently, defendant had ample time to review the report and determine whether he wished the technician to testify in person. He failed to exercise that right. Absent a showing of prejudice, the prosecutor's failure to furnish "immediately" a copy of the report is not reversible error.

Affirmed.