PEOPLE v BISARD

Docket No. 55203. Submitted February 3, 1982, at Grand Rapids.—
    Decided April 6, 1982.

    Robert L. Bisard was charged with delivery of less than 50 grams
        of cocaine in the Muskegon Circuit Court. The court, John H.
        Piercey, J., dismissed the case, finding that defendant was
        unduly prejudiced by the 196-day delay between the alleged
        criminal transaction and the date of arrest and that the delay
        was intentional. The people appealed. *Held:*

        Whether defendant was denied due process of law requires
    the court to apply a balancing test. Where there has been a
    delay between an alleged criminal transaction and the arrest of
    a defendant and where the defendant has shown some preju-
    dice as a result of the delay, the prosecutor bears the burden of
    persuading the court that the reason for the delay is sufficient
    to justify whatever prejudice resulted. The burden of coming
    forward with evidence of prejudice is on the defendant, who is
    most likely to have facts regarding prejudice at his disposal,
    and the burden of persuasion rests with the state, which is
    most likely to have access to facts concerning the reasons for
    delay and which bears the responsibility for determining when
    an investigation should end.

        Remanded with instructions.

CRIMINAL LAW — DUE PROCESS — SPEEDY TRIAL.

    Where there has been a delay between an alleged criminal
    transaction and the arrest of a defendant and where the
    defendant has shown some prejudice as a result of the delay,
    the prosecutor bears the burden of persuading the court that
    the reason for the delay is sufficient to justify whatever preju-
    dice resulted; the burden of coming forward with evidence of
    prejudice is on the defendant, who is most likely to have facts
    regarding prejudice at his disposal; the burden of persuasion
    rests with the state, which is most likely to have access to facts
    concerning the reasons for delay and which bears the responsi-
    bility for determining when an investigation should end.

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law § 872.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Stephen C. Cornin,* Chief Assistant Prosecuting Attorney, for the people.

*Paul M. Ladas,* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

ALLEN, P.J. Defendant was charged with delivery of less than 50 grams of cocaine, subsections (1) and (2)(a)(iv) of MCL 333.7401; MSA 14.15(7401). After two days of trial, the circuit court dismissed the case on October 23, 1980, finding that defendant was unduly prejudiced by the 196-day delay between the alleged criminal transaction and the date of arrest, and that the delay was intentional. The people now appeal.

The defendant allegedly delivered one gram of cocaine to Marie Waalkes on August 21, 1979. This sale was one that occurred during on ongoing undercover narcotics investigation in the Muskegon area. The investigation ceased on March 5, 1980, when 55 warrants were issued against 35 persons, including the defendant.

Waalkes, a state trooper, testified that she worked as an undercover agent with Thomas Morse, an informant from the area. She said that Morse identified the defendant to her when they met at the house of another suspected drug dealer. Waalkes again encountered the defendant on August 21 at the Rock Saloon, where the alleged sale occurred. The trooper believed she encountered the defendant at least two more times before the investigation ceased, although she had not mentioned one of these meetings in her preliminary examination testimony. Waalkes said that her

identification of the defendant was positive, that she was not confusing him with other long-haired and bearded men at the Rock Saloon.

Morse indicated he had known the defendant for about four years and could positively identify him as the individual who sold a gram of cocaine to Waalkes on August 21. Morse admitted that he had a prior criminal record which included two felony convictions.

A surveillance officer who saw Waalkes and Morse with another individual in the Rock Saloon said that defendant looked like that person, but he was unable to positively identify the defendant at trial.

Defendant denied knowing Marie Waalkes, said Morse was "an enemy" and not someone he would have trusted to arrange a drug transaction, and stated he was unable to recall what transpired on August 21, 1979.

After hearing arguments on the defendant's motion to dismiss, the trial court found that the 196-day delay between the offense and the arrest was explainable, as the troopers did not want to "blow" their cover, was deliberate, as it was intentional, and was unduly prejudicial. After hearing the prosecution's arguments for reconsideration, it ordered the case dismissed.

In ruling on the motion, the court applied the test enunciated in *People v Hernandez,* 15 Mich App 141; 170 NW2d 851 (1968), for determining whether a defendant's due process rights have been violated by a prearrest delay. *Hernandez* states that once a defendant has shown that *some* prejudice has occurred as a result of a delay, it is incumbent upon the prosecution to show (1) an explanation for the delay, (2) that the delay was not deliberate, and (3) that no undue prejudice

attached to the defendant. *Hernandez, supra,* 147. Although *Hernandez's* three-part test apparently has been questioned by one panel of this Court, *People v McCracken,* 88 Mich App 286, 294; 276 NW2d 609 (1979), *vacated on other grounds* 408 Mich 926 (1980), the case has been consistently treated as stating Michigan's test for determining a claim that an accused's due process rights have been violated by a delay in arrest. *People v Parshay,* 104 Mich App 411, 414; 304 NW2d 593 (1981), *People v Oliver,* 90 Mich App 144, 146; 282 NW2d 262 (1979), *reversed on other grounds* 407 Mich 857 (1979).

The three prongs of the *Hernandez* test have been analyzed repeatedly in this Court. The first, whether the delay is explainable, is straightforward. In this case, the trial court ruled that the delay had been adequately explained by the fear of blowing the cover of the undercover officers. This explanation also was considered adequate in *People v Anderson,* 88 Mich App 513, 516; 276 NW2d 924 (1979).

The second prong of the test, whether the delay was deliberate, is somewhat ambiguous, but has been interpreted to mean "deliberate delay to prejudice the defendant". *People v White,* 59 Mich App 164, 165; 229 NW2d 357 (1975). In the case at bar, the court applied a different definition of "deliberate", finding that the delay was intentional, although recognizing that the prosecution "may have had a good reason" for the delay. As we believe that *White* correctly requires a finding of some bad faith on the part of the prosecution, we find that the court in this case incorrectly applied this prong of the *Hernandez* test.

The third prong of the test examines whether there was "undue prejudice". The court's finding of

such prejudice was based on defendant's inability to recall the events of the night of August 21, the lack of corroborating testimony to support the identification testimony, and the incredibility of Morse. The two latter factors raise a question about the accuracy of the identification. This finding is supported by the testimony.

Were our inquiry to end at this point, we would hold that, although the court misapplied the *Hernandez* test when it found an intentional delay to be deliberate, the conclusion that defendant's due process rights had been violated would not be clearly erroneous. We feel constrained, however, to reconsider the applicability of *Hernandez,* which was decided in 1968, in light of subsequent interpretations of due process law by the United States Supreme Court.

Two United States Supreme Court cases decided after 1968 have addressed the problem of preindictment or prearrest delay. In *United States v Marion,* 404 US 307; 92 S Ct 455; 30 L Ed 2d 468 (1971), the Court recognized that the Due Process Clause afforded only "limited" protection to those persons who have not been arrested but observed that such persons' primary protection was in the applicable statutes of limitation. The Court explained this decision further in *United States v Lovasco,* 431 US 783; 97 S Ct 2044; 52 L Ed 2d 752 (1977), when it established a two-part test to be used in the due process inquiry. First, the Court observed that "proof of prejudice is generally a necessary but not sufficient element of a due process claim". 431 US 783, 790. Second, the Court held that, in addition to the consideration of prejudice, a court was to explore the reason for the delay.

No Michigan case has analyzed the impact of

these two cases on the test set out in *Hernandez,* although at least two cases cited both *Hernandez* and *Lovasco* in determining whether prearrest delay required reversal. *Parshay, supra, Anderson, supra.*

We believe, however, that at least three questions are raised in applying *Lovasco.* First, who should bear the burden of proof in determining whether a defendant's due process rights have been violated? Under *Hernandez,* the prosecution carried this burden, but *Lovasco* and its progeny are unclear on this point. Second, does *Lovasco* preclude a finding of a due process violation whenever the prosecution explains the delay, regardless of the severity of the prejudice? Under *Hernandez,* any finding of undue prejudice would suffice to establish a due process violation, but *Lovasco* holds that a showing of actual prejudice is insufficient. In considering the problem, we observe that there was no finding of *undue* prejudice in *Lovasco,* only a finding by the lower court of some actual prejudice.

Several jurisdictions have interpreted *Lovasco* as placing an extremely heavy burden on a defendant, requiring a defendant to prove both actual prejudice and unexplainable delay. *United States v Mills,* 641 F2d 785, 788 (CA 9, 1981), *United States v Rogers,* 639 F2d 438, 440 (CA 8, 1981), *United States v Durnin,* 632 F2d 1297, 1299 (CA 5, 1980), *People v Small,* 631 P2d 148, 157 (Colo, 1981), *State v Baker,* 614 SW2d 352, 354-355 (Tenn, 1981).

Courts in other jurisdictions have suggested that *Lovasco* may not limit the due process protection so severely. See, for example, *Commonwealth v Best,* 411 NE2d 442, 451 (Mass, 1980). Illinois Supreme Court has held that *Lovasco* does not

alter the state's earlier rule that once a defendant has shown some actual and substantial prejudice, the burden shifts to the prosecution to show the reasonableness of the delay. The Illinois courts must then weigh the reasons for the delay against the seriousness of the prejudice resulting from the delay. *People v Lawson,* 67 Ill 2d 449; 10 Ill Dec 478; 367 NE2d 1244 (1977). New York has continued to apply its former rule, based on a state statute,[1] even in the wake of *Lovasco,* and now finds that a lengthy, unjustifiable delay may require dismissal even when the defendant does not show any actual prejudice. *People v Singer,* 44 NY2d 241, 254; 405 NYS2d 17; 376 NE2d 179 (1978).

We believe that Illinois' interpretation of *Lovasco* provides an appropriate method of balancing the state's interest in delaying certain prosecutions with a defendant's need for a prompt trial. When a delay is deliberately undertaken to prejudice a defendant, little actual prejudice need be shown to establish a due process claim. Where, however, there is a justifiable reason for the delay, the defendant must show more—that the prejudice resulting from the delay outweighs any reason provided by the state.

In many respects the Illinois test is similar to Michigan's three-part inquiry. Under *Hernandez,* the reason for the delay and the deliberateness of the delay are examined. Illinois' inquiry into the reasonableness of the delay embraces both of these inquiries. Both the *Hernandez* and Illinois tests consider the prejudice resulting from the delay.

The difference in the two tests lies, however, in how the factors are to be evaluated. Under *Hernandez,* if the prosecution fails to establish any of

---

[1] CPL 30.20, 30.30, *People v Singer, infra.*

the three prongs of the test, a due process violation may be found. The Illinois balancing approach, however, permits a court to weigh the prejudice from the delay against the reason for the delay. As noted earlier, *Lovasco* and its progeny compel a reconsideration of the applicability of the *Hernandez* test. Having done so, and after reviewing decisions from other jurisdictions, we conclude that the Illinois approach is the most appropriate. It allows a court to consider all of the factors determined by *Hernandez* to be relevant, and to weigh the competing interests in determining whether a defendant has been denied his right to due process of law. Accordingly, we hold that, once a defendant has shown some prejudice, the prosecution bears the burden of persuading the court that the reason for the delay is sufficient to justify whatever prejudice resulted. This approach places the burden of coming forward with evidence of prejudice on the defendant, who is most likely to have facts regarding prejudice at his disposal. The burden of persuasion rests with the state, which is most likely to have access to facts concerning the reasons for delay and which bears the responsibility for determining when an investigation should end.

In this case, the lower court erred slightly in its application of the *Hernandez* test. As we now hold that a balancing test should be used in evaluating due process claims, we remand this case for the trial court to reconsider the defendant's motion to dismiss under the balancing test. Remand is particularly appropriate as the trial court alone had the opportunity to evaluate first hand the prejudice resulting to the defendant from the prosecutor's reasonable delay.

Remanded.