PEOPLE v STONEY

Docket No. 89901. Submitted October 15, 1986, at Lansing. Decided February 17, 1987.

Gordon T. Stoney was arrested and charged with felonious driving on February 22, 1985, as a result of a one-car accident that occurred on November 24, 1984. Defendant thereafter moved in the Ingham Circuit Court to dismiss the charge or, in the alternative, to suppress the results of a blood alcohol test performed on defendant at Ingham Medical Center following the accident. The trial court, Michael G. Harrison, J., granted the defendant's motion to suppress the blood test results. The people appeal by leave granted.

The Court of Appeals *held:*

The trial court clearly erred in suppressing the blood test results.

1. It is the results, not the sample itself, of a chemical analysis of a driver's blood performed at a medical facility following an accident which are admissible by statute in a criminal prosecution for felonious driving. The fact that the blood sample was destroyed following the chemical analysis is irrelevant and does not warrant suppression of the results.

2. The due process clause does not require a prosecutor to preserve blood samples in order for blood analysis test results to be admissible. The duty to preserve evidence extends only to evidence that might be expected to play a significant role in the suspect's defense. Thus, the exculpatory value of the destroyed evidence must have been apparent. Here, the sample was not

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic §§ 296 *et seq.*

Am Jur 2d, Constitutional Law § 847.

Am Jur 2d, Evidence §§ 292, 830.

Motorist's right to private sobriety test. 45 ALR4th 11.

Admissibility, weight, and sufficiency of blood alcohol tests in criminal cases. 2 ALR4th 500.

Necessity and sufficiency of proof that tests of blood alcohol concentration were conducted in conformance with prescribed methods. 96 ALR3d 745.

obviously exculpatory evidence which the prosecutor purposely or inadvertently destroyed or was required to preserve.

Reversed and remanded.

1. CRIMINAL LAW — EVIDENCE — BLOOD TESTS.

The results of a chemical analysis of a driver's blood are admissible in his criminal prosecution for felonious driving where the blood was withdrawn for the purpose of medical treatment at a medical facility following an automobile accident; the fact that the blood sample was subsequently destroyed is irrelevant, since it is the test results themselves which are admissible, not the sample (MCL 257.625a, subds [1] and [9]; MSA 9.2325[1], subds [1] and [9]).

2. CRIMINAL LAW — DUE PROCESS — EVIDENCE — BLOOD TESTS.

The due process clause does not require a prosecutor to preserve blood samples in order for blood analysis test results of the sample to be admissible in a defendant's trial for felonious driving where the results of the chemical analysis of the driver's blood, not the sample itself, are admissible in evidence by statute (MCL 257.625a, subds [1] and [9]; MSA 9.2325[1], subds [1] and [9]).

3. CRIMINAL LAW — DUE PROCESS — PRESERVATION OF EVIDENCE.

A prosecutor's duty under the due process clause to preserve evidence extends only to evidence which might be expected to play a significant role in the suspect's defense; the exculpatory value of the evidence must have been apparent when the evidence was destroyed before a due process violation will be found.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Peter D. Houk,* Prosecuting Attorney, and *Robert B. Ebersole,* Chief Appellate Attorney, for the people.

*Mitchell & Vilella, P.C.* (by *Philip A. Vilella*), for defendant.

Before: DANHOF, C.J., and BRONSON and T. GILLESPIE,* JJ.

PER CURIAM. On February 22, 1985, defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was arrested and charged with felonious driving, MCL 752.191; MSA 28.661, as a result of a one-car accident that occurred on November 24, 1984. Thereafter, defendant moved to quash the information and dismiss the charge or, in the alternative, to suppress the results of a blood alcohol test performed on defendant at Ingham Medical Center following the accident. The trial court granted the defendant's motion to suppress the blood test results and the prosecutor appeals by leave granted. Based on the record presented, we reverse and remand for further proceedings.

In the court below, defendant argued that his due process rights were violated due to the delay between the alleged criminal act and his arrest. This was in part due to the fact that his blood sample had been discarded by the hospital and thus he could not obtain an independent analysis. The results of the hospital blood test, however, were available to the defendant. In granting defendant's motion to suppress the test results, the trial court, relying on *People v Bisard,* 114 Mich App 784; 319 NW2d 670 (1982), concluded that defendant had established prejudice as a result of the prearrest delay and that the prosecution failed to meet its burden of justifying the delay. See *Bisard, supra,* p 791. The court did not state in what manner defendant was prejudiced nor does the record fully indicate the reasons for the delay. In addition, the court did not dismiss the charges against the defendant based on the delay as suggested by *Bisard,* but merely suppressed the defendant's blood alcohol test results.

As a result of the trial court's ruling, the sole issue for our consideration on appeal is whether the court clearly erred in suppressing the defendant's blood alcohol test results. Since no factual record was developed directly pertaining to the

issue of prejudice resulting to the defendant due to the prearrest delay, that issue cannot be properly decided. Therefore, we limit our decision to the admissibility of the blood test results based on the facts of this case.

At the scene of the accident, defendant was found bleeding and incoherent. Two other people were found in the car who were also injured. Defendant was taken to Ingham Medical Center for treatment. While defendant was in the emergency room, Daniel Boyer, a medical technologist at the hospital, withdrew blood from the defendant for analysis. Boyer took the specimen to the laboratory and logged it in on the laboratory's log sheets with an assigned number. Another medical technologist then took the sample and ran the requested ethyl alcohol test. The results of the test done on defendant's blood sample revealed a blood alcohol content of 0.21 percent. Pursuant to regular procedures, the blood sample used in the machine was saved until the end of the shift, then discarded. The remainder of the sample was kept in the laboratory for from seven to ten days, then also discarded. The results of the test were subsequently forwarded to the prosecutor and became the basis for the present prosecution.

The admissibility of blood test results in a criminal prosecution is controlled by the implied consent statute, MCL 257.625a; MSA 9.2325(1). As relevant to this action, subsection 9 provides:

> If after an accident the driver of a vehicle involved in the accident is transported to a medical facility and a sample of the driver's blood is withdrawn at that time for the purpose of medical treatment, the results of a chemical analysis of that sample shall be admissible in a criminal prosecution for a crime described in subsection (1) to show the amount of alcohol or presence of a

controlled substance or both in the person's blood at the time alleged, regardless of whether the person had been offered or had refused a chemical test. The medical facility or person performing the chemical analysis shall disclose the results of the analysis to a prosecuting attorney who requests the results for use in a criminal prosecution as provided in this subsection. A medical facility or person disclosing information in compliance with this subsection shall not be civilly or criminally liable for making the disclosure.

Based on this statute, the prosecutor maintains that the defendant's blood test results were clearly admissible despite the fact that the sample was discarded.

Defendant argues, however, that the blood sample itself is evidence and must be made available to defendant so that his own independent expert can test the sample and attempt to impeach the results obtained by the hospital. We disagree. The plain language of the statute reveals that it is the *results,* not the sample itself, of the chemical analysis of a driver's blood performed at a medical facility following an accident which are admissible in a criminal prosecution. MCL 257.625a(1); MSA 9.2325(1)(1) provides that the results are admissible in a criminal prosecution for felonious driving. Further, the statute provides that if a test is given the *results* of the test shall be made available to the person charged or his attorney upon request. MCL 257.625a(2); MSA 9.2325(1)(2). The statute does not state that the sample itself must be preserved. The defendant's blood in this case was taken at the hospital as part of the hospital's routine procedure and tested. Therefore, by statute the results are admissible. The fact that the sample was destroyed is irrelevant and does not warrant suppression of the results.

Defendant further argues that because the statute refers to blood being withdrawn "for the purpose of medical treatment," there must be proof that the blood was withdrawn for purposes of treating the defendant. We doubt that the Legislature intended the statute to be read so narrowly. The purpose of the provision is to ease the prosecution of drunk drivers by making the results of blood alcohol tests performed by hospitals available to prosecutors, without the use of otherwise cumbersome procedures. In this case, Daniel Boyer, the medical technologist who withdrew the blood, testified that he did so for medical purposes, and it appears that the withdrawal and testing of blood samples of accident victims is a routine procedure. Further, there is no evidence in the record to support the defendant's allegation that his blood was withdrawn by medical personnel so that the police and prosecutor could avoid obtaining a warrant.

Defendant also contends that his right to due process will be violated if the test results are admitted as evidence. We again disagree. In *California v Trombetta,* 467 US 479; 104 S Ct 2528; 81 L Ed 2d 413 (1984), the Supreme Court held that the due process clause does not require a prosecutor to preserve breath samples in order for breath analysis test results to be admissible. In finding that the prosecutor need not preserve the samples, the Court noted that the evidence to be presented at trial was not the breath itself but rather the Intoxilyzer results obtained from the breath samples. The duty to preserve evidence extends only to evidence that "might be expected to play a *significant* role in the suspect's defense." 104 S Ct 2534; 81 L Ed 2d 422. Thus, the exculpatory value of the destroyed evidence must have been apparent.

In this case, the defendant's blood was obtained and tested in accordance with the routine hospital procedure. It is highly unlikely that an independent expert would obtain exculpatory results from the blood sample if it had been saved and was available. The sample, then, was not obviously exculpatory evidence which the prosecutor purposely or inadvertently destroyed or was required to preserve. Also, defendant does have a reasonable means of impeaching the test results. At trial, defendant will have the opportunity to probe the accuracy of the machine used, expose the possibility of procedural or operator error, and generally seek to raise a reasonable doubt as to the credibility of the test results.

Therefore, we conclude that the trial court clearly erred in suppressing the results of defendant's blood alcohol test. The test was performed by medical personnel following an accident when defendant was brought to the hospital for treatment. As a result, by statute the test results are admissible in his criminal prosecution for felonious driving. The fact that the sample was subsequently destroyed is irrelevant, since it is the test results themselves which are admissible. The defendant's arguments to the contrary are without merit and the evidence can be properly admitted.

Finally, in his brief, defendant raises several additional arguments allegedly supporting suppression of the blood test results or dismissal of the charge. Some of these issues, such as whether there was enough evidence to bind defendant over to the circuit court, or whether there was sufficient foundation for the introduction of the blood test results, were not decided below and therefore are not yet ready for resolution by this Court. Also, as previously indicated, the issue of prejudice

resulting from the prearrest delay cannot be determined on the present record.

Accordingly, the ruling of the trial court concerning the suppression of the defendant's blood alcohol test results is reversed and the case is remanded for further proceedings.

BRONSON, J., did not participate.