PEOPLE v McCULLUM

Docket No. 98273. Submitted August 9, 1988, at Detroit. Decided
    October 4, 1988.

   On August 12, 1985, John B. McCullum was arrested at his home
       pursuant to a valid arrest warrant. A subsequent search of
       McCullum revealed that he was carrying packets of marijuana
       in his clothing pockets. At the time he was arrested, McCullum
       had his car keys in his hand. His car was parked at a park
       across the street from his house. The police located McCullum's
       car and, using the keys, found and seized a large quantity of
       marijuana, packaging materials, and papers in defendant's
       name. On January 7, 1986, a warrant was issued for McCul-
       lum's arrest based on the August, 1985, seizure. McCullum was
       not arrested on the warrant until August, 1986, although he
       had been in court on other matters numerous times. Defendant
       was charged in a two-count information in Detroit Recorder's
       Court with possession of marijuana with intent to deliver and
       with possession of marijuana. Defendant moved to suppress the
       evidence and dismiss the charges on the grounds that the
       search of the vehicle was illegal and that he was prejudiced by
       the delay between the issuance of the arrest warrant and the
       arrest. The court, M. John Shamo, J., ruled that the police did
       not have probable cause to believe that defendant's vehicle had
       been used to transport controlled substances, suppressed the
       evidence, and dismissed the charges against defendant. The
       people appealed.

       The Court of Appeals held:

       1. The trial court clearly erred in ruling that the police
       officers involved did not have probable cause to believe that
       defendant's vehicle had been used to transport controlled sub-

REFERENCES

Am Jur 2d, Criminal Law §§ 849 et seq.
Am Jur 2d, Forfeitures and Penalties § 25.
Am Jur 2d, Searches and Seizures § 57.
Delay between filing of complaint or other charge and arrest of
    accused as violation of right to speedy trial. 85 ALR2d 980.

stances. The vehicle was lawfully seized pursuant to the forfeiture statute, and the subsequent search of the vehicle therefore was legal.

2. Defendant presented no evidence of any prejudice to him as a result of the delay. The prosecutor therefore was not required to show reasonableness in the delay. The trial court erred in dismissing the case.

Reversed and remanded for trial.

1. Forfeitures and Penalties — Controlled Substances — Searches and Seizures — Probable Cause.

The probable cause which must be shown to justify seizure of property under the forfeiture statute applicable to property used in violation of drug laws is a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion; circumstantial evidence may be sufficient to establish probable cause to support forfeiture even when no actual transaction has been witnessed (MCL 333.7521 *et seq.*; MSA 14.15[7521] *et seq.*).

2. Criminal Law — Due Process — Speedy Trial.

The prosecutor, where there has been a delay between an alleged criminal transaction and the arrest of a defendant and where the defendant has shown some prejudice as a result of the delay, bears the burden of persuading the court that the reason for the delay is sufficient to justify whatever prejudice resulted; the burden of coming forward with evidence of prejudice is on the defendant, who is more likely to have facts regarding prejudice at his disposal; the burden of persuasion rests with the state, which is more likely to have access to facts concerning the reasons for delay and which bears the responsibility for determining when an investigation should end.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *George E. Ward,* Chief Assistant Prosecutor, Special Operations, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Gerald M. Lorence,* for defendant.

Before: Sullivan, P.J., and Hood and J. B. Bruff,* JJ.

Per Curiam. The people appeal as of right from an order by the trial court suppressing evidence seized in a vehicle search and dismissing the case. Recorder's Court Judge John Shamo first found that the search of the vehicle was illegal and suppressed the evidence of the marijuana which was seized from it. He then found prejudice to defendant in the delay between issuance of the warrant and defendant's arrest and dismissed the case. We reverse.

On August 12, 1985, officers went to defendant's residence to arrest defendant and his girlfriend on a warrant duly issued by the 36th District Court. Defendant was not at home when the officers first arrived. The officer in charge later saw defendant walking toward the house from a park across the street. The officer knew from past experience with defendant that defendant had a habit of parking his car away from the house and walking to the house. Defendant was arrested pursuant to the warrant and searched. Packets of marijuana were found in his shirt and pants pockets and were seized. The car keys defendant had in his hands were also seized. Defendant was advised of his rights and stated that he had walked, not driven. Because of the amount of marijuana seized from defendant and because defendant was carrying car keys in his hand, the officers went toward the park to look for the car to seize under the forfeiture statute. The keys fit a Pontiac located in the park. In the car, the officers found and seized a large quantity of marijuana, packaging materials, and papers in defendant's name.

On January 7, 1986, a warrant was issued for

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant's arrest, based on the August, 1985, seizure. Defendant was not arrested on this warrant until August, 1986. The officer in charge had made efforts to locate defendant prior to this time, but was unsuccessful, although court records showed that defendant had been before Recorders Court on various matters on eight separate occasions between January, 1986, and August, 1986. He was, in fact, ultimately arrested at the courthouse.

The people first claim that the trial court erred in suppressing the evidence supporting the charge of possession with intent to deliver marijuana. In a prior, unpublished decision involving this same defendant and the same arresting officers, we had occasion to consider the probable cause necessary for seizure of property under the forfeiture statute. *People v McCullum,* unpublished opinion per curiam of the Court of Appeals, decided December 3, 1986 (Docket No. 90356), lv den 428 Mich 883 (1987), cert den — US —; 108 S Ct 456; 98 L Ed 2d 396 (1987). That case had no precedential value under MCR 7.215(C)(1), but we find its reasoning persuasive and reach the same conclusion.

At the times applicable in this case, the forfeiture statute, MCL 333.7521(1); MSA 14.15(7521)(1), provided in relevant part:

> The following property is subject to forfeiture:
> (a) A controlled substance . . . which has been manufactured, distributed, dispensed, used, possessed, or acquired in violation of this article.
> * * *
> (d) A conveyance, including . . . [a] vehicle . . . used or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a) . . . .

MCL 333.7522; MSA 14.15(7522) provides in relevant part:

> Property subject to forfeiture under this article may be seized upon process issued by the circuit court having jurisdiction over the property. Seizure without process may be made in any of the following cases:
>
> (a) The seizure is incident to an arrest or a search warrant . . . .
>
> \* \* \*
>
> (d) There is probable cause to believe that the property was used or is intended to be used in violation of this article.

The Michigan forfeiture statute essentially parallels its federal counterpart. 21 USC 881(a)(4) provides in relevant part:

> All conveyances, including . . . vehicles . . . which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of . . . (controlled substances are subject to forfeiture).

21 USC 881(b) provides in relevant part:

> Any property subject to civil forfeiture to the United States . . . may be seized by the Attorney General upon process . . . except that seizure without such process may be made when—
>
> (1) the seizure is incident to an arrest or a search under a search warrant. . . .
>
> \* \* \*
>
> (4) the Attorney General has probable cause to believe that the property is subject to civil forfeiture under this subchapter.

In discussing the federal forfeiture statute, in

response to the government's argument that seizure of a vehicle without a warrant was justified, the Fourth Circuit Court of Appeals has pointed out that

> [t]he probable cause under 21 USC 881(b)(4) is different from probable cause in most search cases. The probable cause necessary for a search to be reasonable is probable cause to believe that law enforcement officials will find in a certain place contraband or evidence of a crime. . . .
>
> Section 881 of 21 USC is a seizure statute, however, not a search statute . . . . If the Attorney General has probable cause to believe "that the property has been used or is intended to be used in violation of this subchapter," the government may seize the property. If the Attorney General believes that the property "has been used" in violation of the drug laws, that means that he has probable cause to believe that the property belongs to the United States. [*United States v Kemp,* 690 F2d 397, 401 (CA 4, 1982).]

In discussing the government's right to seize under § 881(b)(4), the Fifth Circuit Court of Appeals noted:

> Under the statute's clear language, no process is required to perfect forfeiture when the property "has been used" in violation of the drug laws. Nor does the statute place any exigent circumstances requirement on the warrantless seizure. [*United States v One 1978 Mercedes Benz Four-Door Sedan,* 711 F2d 1297, 1302 (CA 5, 1983).]

In a forfeiture proceeding, the probable cause which the government must show is "a reasonable ground for belief of guilt, supported by less than prima facie proof but more than mere suspicion." *United States v $22,287, United States Currency,* 709 F2d 442, 446-447 (CA 6, 1983). Circumstantial

evidence may be sufficient to establish probable cause to support forfeiture even when no actual transaction has been witnessed. *United States v $364,960 in United States Currency,* 661 F2d 319, 324-325 (CA 5, 1981).

Applying these standards to our forfeiture statute, we must conclude that the trial court clearly erred in ruling that the officers did not have probable cause to believe that defendant's vehicle had been used to transport controlled substances. The testimony showed that defendant had a habit of parking his car some distance from his residence and then walking there. Defendant, arrested pursuant to a valid warrant, was found with marijuana on his person. He approached his residence holding car keys in his hands, keys which fit a car parked at the park from whence he came. These circumstances certainly amount to more than a mere suspicion that the vehicle was being used in violation of the forfeiture statute. Since the vehicle was lawfully seized, the search which disclosed the marijuana in the vehicle was legal. *South Dakota v Opperman,* 428 US 364; 96 S Ct 3092; 49 L Ed 2d 1000 (1976).

The people also claim that the trial court erred in dismissing the case on the basis of a prejudicial prearrest delay.

We have stated, with regard to prearrest delay, that

> once a defendant has shown some prejudice, the prosecution bears the burden of persuading the court that the reason for the delay is sufficient to justify whatever prejudice resulted. This approach places the burden of coming forward with evidence of prejudice on the defendant, who is most likely to have facts regarding prejudice at his disposal. The burden of persuasion rests with the state,

which is most likely to have access to facts concerning the reasons for delay and which bears the responsibility for determining when an investigation should end. [*People v Bisard,* 114 Mich App 784, 791; 319 NW2d 670 (1982).]

In dismissing the case, the trial court stated:

> *The Court:* This matter was heard sometime ago and I gave the People an opportunity to respond and I already made one ruling in the matter. The search of the vehicle was improper and I'm going to rule today that I informed you I would grant defense counsel's motion that there was prejudice shown by the Defendant and that the delay was inexplainable and was—I can't say deliberate, but it may have been, but there was prejudice to the Defendant in this Court's opinion, the delays that the Defendant had been in court on numerous occasions over a period of years and the officer sort of sat on the warrant for a lengthy period of time for no explainable reason and I informed Miss Lewis at the last hearing that I was going to grant defense counsel's motion and I gave her an opportunity to respond further if she so desired to find some law that would convince me otherwise and I would grant defense counsel's motion to dismiss.

It is apparent from the foregoing that the trial court equated the delay with prejudice to the defendant, but articulated no reasons other than the delay. Defendant, however, presented no evidence whatsoever of any prejudice to him as a result of the delay. Since defendant did not meet his burden of showing some prejudice, the prosecutor was not required to show reasonableness in the delay. The trial court erred in dismissing the case.

Reversed and remanded for trial.