# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DARRIN SCOTT LAPINE,

        Defendant-Appellee.

UNPUBLISHED
November 15, 2018

No. 337719
Wayne Circuit Court
LC No. 16-010265-01-FH

Before: SHAPIRO, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

The prosecution appeals as of right an order granting defendant's motion to dismiss the charge of assault with intent to maim, MCL 750.86, on the ground of prearrest delay. We reverse and remand.

In September of 2016, defendant was arrested for assault with intent to maim for an alleged assault that occurred about 16 months earlier, on May 24, 2015, while defendant was in prison at the Detroit Reentry Center. During his arraignment on October 18, 2016, defendant stood mute and a plea of not guilty was entered. In January 2017, defendant filed a motion to dismiss for prearrest delay. The trial court granted defendant's motion, concluding that the delay in arrest resulted in a violation to defendant's due process rights. On appeal, the prosecution argues that the trial court abused its discretion when it granted defendant's motion to dismiss because defendant failed to meet his burden by demonstrating that actual and substantial prejudice resulted from the delay in arrest. We agree.

We review a trial court's decision on a motion to dismiss for an abuse of discretion. *People v Adams*, 232 Mich App 128, 132; 591 NW2d 44 (1998). An abuse of discretion occurs when the trial court's decision falls outside the principled range of outcomes. *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008). A decision premised on an error of law constitutes an abuse of discretion. *People v Duncan*, 494 Mich 713, 723; 835 NW2d 399 (2013). "A challenge to a prearrest delay implicates constitutional due process rights, which this Court reviews de novo." *People v Cain*, 238 Mich App 95, 108; 605 NW2d 28 (1999).

"A prearrest delay that causes substantial prejudice to a defendant's right to a fair trial and that was used to gain tactical advantage violates the constitutional right to due process." *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014). "Mere delay between the time of the commission of an offense and arrest is not a denial of due process. There is no

-1-

constitutional right to be arrested. Rather, the guideline is whether the record presents evidence of prejudice resulting from the delay which violates a defendant's right to procedural due process.' " *People v Patton*, 285 Mich App 229, 236; 775 NW2d 610 (2009), quoting *People v Anderson*, 88 Mich App 513, 515; 276 NW2d 924 (1979) (citations omitted).

A balancing test is applied to determine whether a defendant's due process rights have been violated as a result of a prearrest delay. *People v Scott*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 337455); slip op at 2. "Under this balancing test, defendant bears the initial burden of demonstrating prejudice." *Id*. After a defendant shows some prejudice, then the prosecution has the burden of demonstrating that the reason for the delay sufficiently justified such prejudice. *Id*. (citation omitted).

The prejudice to the defendant must be actual and substantial, not mere speculation. *Woolfolk*, 304 Mich App at 454. General allegations of prejudice are also not sufficient. *Patton*, 285 Mich App at 237. "Substantial prejudice is that which meaningfully impairs the defendant's ability to defend against the charge in such a manner that the outcome of the proceedings was likely affected." *Id*. Until the defendant has satisfied his burden of proving actual and substantial prejudice, "the prosecution's burden—to persuade the court that the delay was justified in the face of any resulting prejudice—is not triggered." *Adams*, 232 Mich App at 135 (citation omitted).

In this case, defendant failed to satisfy his initial burden of showing actual and substantial prejudice resulting from the prearrest delay. Defendant brought forth only general allegations and speculated that evidence had been lost as a result of the delay, causing him to be prejudiced. In particular, defendant asserted that potential witnesses and potential exculpatory evidence— video footage from inside the Detroit Reentry Center—had been lost due to the prosecution's delay. In regard to witnesses, defendant provided only general allegations that the length of delay caused the loss of potential witnesses. Mere allegations of lost evidence do not satisfy defendant's burden of showing actual and substantial prejudice. See *Woolfolk*, 304 Mich App at 454 ("A defendant cannot merely speculate generally that any delay resulted in lost memories, witnesses, and evidence . . . even if the delay was an especially long one . . . ."). Defendant failed to provide any evidence that there had been witnesses to the incident, or that any specific witnesses were now unavailable due to the delay. However, the trial court agreed with defendant, asserting that it was reasonable to believe that defendant *will* be prejudiced and the loss of *potential* witnesses was real. The trial court's reasoning was flawed because it was based on the potential loss of witnesses rather than defendant having exhibited actual and substantial prejudice.

Further, defendant merely speculated that the delay in arrest caused the loss of video footage of the alleged offense. In support of this allegation, defense counsel provided only general assertions that the area in question was under constant video surveillance. Nevertheless, the trial court agreed with defendant, finding that this was an area under surveillance and the loss of any video footage resulted in prejudice to defendant. The trial court's reasoning was flawed because it was based on defense counsel's mere assertions of constant surveillance without any additional proof that the area was in fact under surveillance. Furthermore, even if the area had been under surveillance, defendant failed to come forward with any proof that exculpatory evidence was actually captured on video or that this footage had been downloaded or saved.

Therefore, defendant failed to provide any evidence that the delay by the prosecution did in fact result in a loss of exculpatory evidence.

Finally, the trial court erred by finding that the prosecution's justification for the delay—a lack of manpower in the warrants division of the prosecutor's office—was insufficient justification. Until the defendant has met his burden of coming forward with evidence of actual and substantial prejudice, the prosecution is not tasked with justifying the delay. See *Adams*, 232 Mich App at 135. Here, defendant failed to meet his burden; therefore, the prosecution's burden of justifying the delay was never triggered. But even if defendant had met his burden, the prosecution stated that the delay was not deliberate and was due solely to a lack of manpower in the prosecutor's office. The lower court record does not provide any evidence that this delay was used to gain a tactical advantage over defendant.

In conclusion, defendant failed to satisfy his burden of demonstrating any actual or substantial prejudice due to the delay between the commission of the alleged crime and his arrest. Therefore, the trial court abused its discretion by granting defendant's motion to dismiss for prearrest delay.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly