# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT EARL PRATT, JR.,

        Defendant-Appellant.

UNPUBLISHED
April 23, 2015

No. 319639
Kalamazoo Circuit Court
LC No. 2013-000644-FC

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant Robert Earl Pratt, Jr. was convicted by a jury of two counts of assault with intent to commit murder, MCL 750.83; three counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b; and felon in possession of a firearm, MCL 750.224f. Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to 40 to 60 years' imprisonment on each of his assault with intent to commit murder convictions; 2 years' imprisonment on each of his felony-firearm convictions; and 10 to 20 years' imprisonment on his felon in possession of a firearm conviction. He appeals as of right. We affirm.

Defendant first argues that three testifying officers impermissibly encroached upon the province of the jury by giving improper lay opinion testimony. Because this issue was not preserved, our review is limited to plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

Opinion testimony by a lay witness is permitted if the testimony is "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue." MRE 701. However, "a witness cannot express an opinion on the defendant's guilt or innocence of the charged offense." *People v Fomby*, 300 Mich App 46, 53; 831 NW2d 887 (2013) (citation and quotation omitted). In *Fomby*, we found that an officer who identified individuals depicted in still-frame photographs from a surveillance video gave proper lay opinion testimony. *Id.* at 49. Significantly in *Fomby*, the officer's testimony was found to be proper because he did not identify the defendant in the video or the still images, and he was in the "best position to identify the individuals in the photographs as being the same as those depicted in the video." *Id.* at 53.

-1-

Although the officers in the present case identified defendant in the surveillance video, we find that this testimony was proper. In *Fomby*, two lower federal court cases guided our decision.[1] In *United States v LaPierre*, 998 F2d 1460, 1465 (CA 9, 1993), an officer's testimony identifying the defendant in surveillance images was impermissible because the witness did not know the defendant; his knowledge of the defendant's identity was based entirely on his review of the surveillance photographs and witnesses' descriptions. But, the court indicated that lay opinion testimony of this kind may be permissible when "there is reason to believe that the witness is more likely to correctly identify the person than is the jury." *Id.* Further, in *United States v Rodriguez-Adorno*, 695 F3d 32, 40 (CA 1, 2012), similar testimony was found to be improper because it was unclear whether the witness had any "special familiarity" with the defendant. The court stated:

> "Testimony by a law enforcement officer identifying a defendant as the person depicted in a video or photograph *may be admissible* where 'the witness possesses sufficiently relevant familiarity with the defendant that the jury cannot also possess, and when the [images] are not either so unmistakably clear or so hopelessly obscure that the witness is no better-suited than the jury to make the identification.'" [*Id.*, quoting *United States v Jackman*, 48 F3d 1, 4-5 (CA 1, 1995) (emphasis added).]

In this case, the three officers who identified defendant in the surveillance video had "sufficiently relevant familiarity" with defendant that put them in a better position than the jury to correctly identify defendant. *Id.*; see also *LaPierre*, 998 F2d at 1465. Two of the officers had contacts with defendant that spanned several years before the charged offenses were committed. The officer who initially identified defendant in the surveillance video on the night of the incident had also seen defendant earlier that day, and he appeared to be wearing the same clothing. The third officer, although he did not have contact with defendant before the incident, arrested defendant the same night. His testimony established that defendant appeared to be dressed the same at his arrest as he had been in the surveillance video. Accordingly, there is reason to believe that the witnesses were more likely to correctly identify defendant than the jury. See *LaPierre*, 998 F2d at 1465. Their testimony did not invade the province of the jury, and, therefore, we find no plain error requiring reversal. *Carines*, 460 Mich at 763.

Next, defendant argues that the prosecutor committed misconduct by arguing facts not in evidence in his rebuttal closing argument. Because defendant failed to preserve this issue by objecting to the alleged misconduct below, *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010), our review is limited to plain error affecting defendant's substantial rights, *Carines*, 460 Mich at 763.

Prosecutors are generally given "great latitude regarding their arguments and conduct." *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995) (citation and quotation omitted). A

---

[1] Lower federal court decisions are not binding on this Court, but their analyses and conclusions may be considered to be persuasive authority. *People v Patton*, 285 Mich App 229, 234; 775 NW2d 610 (2009).

prosecutor may not argue facts not in evidence, but a prosecutor may argue reasonable inferences stemming therefrom. *People v Watson*, 245 Mich App 572, 588; 629 NW2d 411 (2001). Moreover, we view the prosecutor's remarks in context and in light of the arguments made by the defendant. *People v Thomas*, 260 Mich App 450, 454; 678 NW2d 631 (2004). When a remark is made in response to an argument raised by the defendant, the remark does not constitute reversible error because of its responsive nature, even if it would be improper standing alone. *People v Duncan*, 402 Mich 1, 16; 260 NW2d 58 (1977).

Neither of the victims identified defendant at trial. In defense counsel's closing argument, she argued that the victims' failure to identify defendant affected their credibility, and she suggested that the victims possibly did not identify defendant because they did not want to get themselves in trouble. In response, during his rebuttal closing argument, the prosecutor suggested three potential reasons to the jury why the victims did not identify defendant at trial, one of which was that the victims might have feared repercussions. Although the jury was unaware that one of the victims had supposedly received threats, the jury observed the victim refuse to testify and indicate that he did not want to say how he received his injuries. From this evidence, the jury could reasonably infer that the victim feared repercussions. See *Watson*, 245 Mich App at 588. Further, the prosecutor's argument was responsive in nature to the argument raised by defendant. *Duncan*, 402 Mich at 16. Therefore, we find no plain error requiring reversal with respect to this claim. *Carines*, 460 Mich at 763.

Defendant further argues that defense counsel was ineffective for failing to object to the officers' testimony and the prosecutor's alleged misconduct. Because there was no error in the testimony or argument, any objection to them would have been futile. Defense counsel is not ineffective for failing to make futile objections. *Thomas*, 260 Mich App at 457.

Defendant also argues that the trial court violated his rights under the Sixth and Fourteenth Amendments by engaging in judicial fact-finding that increased the floor of the range of permissible sentences in violation of *Alleyne v United States*, ___ US ___; 133 S Ct 2151, 2155; 186 L Ed 2d 314 (2013). We declined to apply *Alleyne* to Michigan's indeterminate sentencing scheme in *People v Herron*, 303 Mich App 392, 403-404; 845 NW2d 533 (2013). In *People v Lockridge*, 304 Mich App 278, 284; 849 NW2d 388 (2014), we concluded that this Court is bound by *Herron*'s holding. Although our Supreme Court has granted leave in *People v Lockridge*, 496 Mich 852; 846 NW2d 925 (2014), and is holding *Herron* in abeyance pending its decision, *People v Herron*, __ Mich __; 846 NW2d 924 (2014), *Herron* remains binding on this Court at this time. See MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule of law established by a prior published decision of the Court of Appeals . . . that has not been reversed or modified by the Supreme Court."). Because we are bound by *Herron*, we find that defendant is not entitled to be resentenced. See *Lockridge*, 304 Mich App at 284.

Defendant also filed a Standard 4 brief. In his brief, defendant raises a challenge to the sufficiency of the evidence with respect to his identity. We review challenges to the sufficiency of the evidence de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). Viewing the evidence in a light most favorable to the prosecution, we must determine whether the evidence was sufficient to justify the jury's finding that the essential elements of the crime were proven beyond a reasonable doubt. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). All conflicts in the evidence must be resolved in favor of the prosecution.

*People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). Circumstantial evidence and all reasonable inferences drawn therefrom constitute satisfactory proof of the crime. *Carines*, 460 Mich at 757.

"[I]dentity is an element of every offense." *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). Moreover, "positive identification [of the defendant] by witnesses may be sufficient to support a conviction of a crime." *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000). Any credibility issues regarding identification testimony are questions for the trier of fact, and we will not resolve such disputes. *Id.*

Here, the jury viewed surveillance footage that tracked defendant's movements before and after the incident. Although the surveillance footage did not capture the shooting, testimony established that defendant's fingerprints were on the passenger-side window of the vehicle, where the gunshots were purportedly fired. Moreover, a revolver and fired cartridge casings were seized from defendant's residence shortly after the shooting occurred. Finally, two officers who had previous contacts with defendant were able to identify defendant in the surveillance video. Viewing this evidence in a light most favorable to the prosecution, *Harverson*, 291 Mich App at 175, we find that sufficient evidence was presented to establish defendant's identity as the perpetrator of the charged crimes beyond a reasonable doubt.

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra