# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 17, 2015

Plaintiff-Appellee,

v

No. 323457
Ingham Circuit Court
LC No. 14-000238-FH

TYWONE DESHAWN BROWN,

Defendant-Appellant.

Before: GADOLA, P.J., and K. F. KELLY and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals by right his conviction following a jury trial of fleeing and eluding, MCL 257.602a(4)(a), resisting or obstructing a police officer, MCL 750.81d(1), possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*), and operating while intoxicated (OWI), MCL 257.625(1). Defendant was sentenced to 36 to 300 months' imprisonment for fleeing and eluding, 23 to 180 months' imprisonment for resisting or obstructing, 23 to 180 months' imprisonment for possession of less than 25 grams of cocaine, and 94 days in jail for OWI. We affirm.

Defendant argues that the trial court erred when awarding defendant jail credit for time served. The trial court awarded defendant five days of jail credit. Defendant contends that he is entitled to 160 days of jail credit. We disagree. "Whether a defendant is entitled to credit for time served in jail before sentencing is a question of law that we review de novo." *People v Armisted*, 295 Mich App 32, 49; 811 NW2d 47 (2011).

Four days after his arrest in the instant case, defendant was sentenced, in a separate case, to concurrent sentences of 24 to 48 months' imprisonment for manufacturing or delivering less than 50 grams of a controlled substance, MCL 333.7401(2)(a)(*iv*), and 24 to 48 months' imprisonment for resisting or obstructing a police officer, MCL 750.81d(1). At sentencing in the instant case, the parties disputed the amount of jail credit to award defendant. The prosecution argued that the defendant was entitled to credit for five days, the time between defendant's arrest in the instant case on February 6, 2014, and defendant's February 10, 2014 sentence in the earlier case. Defendant argued that because he was unable to post bond for the duration of the present prosecution, he was entitled to 160 days jail credit, the time between his arrest on February 6, 2014, and his July 16, 2014 sentencing. The trial court agreed with the prosecution and awarded defendant five days jail credit.

-1-

Pursuant to the Michigan sentencing credit statute:

> Whenever any person is . . . convicted of any crime . . . and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing. [MCL 769.11b.]

The Supreme Court has stated that the primary purpose of the sentencing credit statute is to equalize, as far as possible, the status of the indigent or lower-income accused with the status of the accused who can afford to post bail. *People v Prieskorn*, 424 Mich 327, 340; 381 NW2d 646 (1985). Under *Prieskorn*, the Supreme Court has held that trial courts must award credit when a defendant is incarcerated solely because of an inability to post bond. See, e.g., *People v Whiteside*, 437 Mich 188, 196; 468 NW2d 504 (1991). However, "[a] defendant is only entitled to sentence credit for time served as a result of being denied or unable to furnish bond for the offense of which he is convicted." *People v Patton*, 285 Mich App 229, 238; 775 NW2d 610 (2009) (internal quotation marks and citation omitted). This Court has denied requests for presentence credit from defendants incarcerated presentence for a separate offense. See *id*. at 239 (finding that the defendant was not entitled to credit toward his embezzlement sentence where his incarceration was not the result of his being denied or unable to furnish bond for the embezzlement charge but, instead, was time served for his bank-robbery conviction); *People v Givans*, 227 Mich App 113, 125–126; 575 NW2d 84 (1997) (holding that the defendant was not entitled to credit for the latter period of his incarceration because he was incarcerated for another offense during that time).

In this case, the trial court properly denied defendant's request for 160 days presentence jail credit because defendant was not incarcerated solely because of an inability to post bond. For five days in the instant case, defendant remained incarcerated because he was unable to post bond. But for the balance of the 160 days between defendant's arrest and sentencing, defendant was incarcerated on a separate offense. Therefore, even if defendant was able to post bond in the present prosecution, defendant still would have been incarcerated because he was serving another sentence. Accordingly, the trial court properly awarded five days jail credit.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood

-2-