COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 14, 2016

Plaintiff-Appellee,

v

No. 326391
Wayne Circuit Court
LC No. 14-004254-FH

TAMBOURA KENYATTA JACKSON,

Defendant-Appellant.

Before: RIORDAN, P.J., and SAAD and M. J. KELLY, JJ.

PER CURIAM.

At a second trial, a jury convicted defendant, Tamboura Kenyatta Jackson, of conducting a criminal enterprise, MCL 750.159i(1), forgery, MCL 750.248, and accepting a bribe as a public officer, MCL 750.118. The trial court sentenced Jackson to concurrent prison terms of 2-1/2 to 20 years for conducting a criminal enterprise, 11 to 168 months for forgery, and 1 to 12 years for accepting a bribe as a public officer. Jackson appeals by right his convictions and argues that the lengthy delay in his arrest deprived him of due process. We conclude that he has not established any error warranting relief. Accordingly, we affirm.

Jackson was an officer with the Detroit Police Department. Testimony established that he created false police reports and sold them to Lisa Curtis from May to September 2009. Curtis testified that she ran a credit repair and loan modification business. She admitted that she paid Jackson for false police reports, which alleged identify theft, to remove negative entries from several of her clients' credit history reports. After a credit bureau director noticed "red flags" in the police reports and submission letters, he contacted the Detroit Police Department.

At the request of the Detroit Police Internal Affairs Department, the FBI investigated the allegations in January 2010. According to two FBI special agents, Jackson admitted generating false police reports for Curtis during an interview. In 2012, the FBI sent the case to the Michigan Attorney General's Office, which investigated further. On March 26, 2014, officers arrested Jackson. Jackson had a trial in September 2014, which ended in a mistrial. The trial court held a second trial in December 2014, and the jury convicted Jackson as already noted.

In his sole issue on appeal, Jackson argues that the five-year delay between the time of his alleged offenses in 2009 and his arrest in 2014 caused substantial prejudice to his ability to defend himself, which amounts to a violation of his right to due process. Contrary to Jackson's contention on appeal, he did not preserve this issue by moving for dismissal of the charges

-1-

against him before the first trial. Rather, only codefendant Curtis moved for dismissal, arguing that the prearrest delay prejudiced her ability to develop her duress defense. Therefore, this issue is unpreserved. We review unpreserved constitutional claims for plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

"A prearrest delay that causes substantial prejudice to a defendant's right to a fair trial and that was used to gain tactical advantage violates the constitutional right to due process." *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014). "Defendant must present evidence of actual and substantial prejudice, not mere speculation." *Id.* To be substantial, the prejudice to the defendant must have meaningfully impaired his ability to defend against the charges such that the outcome of the proceeding was likely affected. *People v Patton*, 285 Mich App 229, 237; 775 NW2d 610 (2009). Mere speculation that the delay caused lost memories, witnesses, or evidence does not establish actual and substantial prejudice. *Woolfolk*, 304 Mich App at 454. If a defendant establishes actual and substantial prejudice, the prosecution then bears the burden of establishing that the reason for the delay was sufficient to justify that prejudice. *Patton*, 285 Mich App at 237.

Jackson claims that he suffered prejudice because Curtis's cell phone records and emails could not be retrieved after the long delay. Although officers did not arrest Jackson until March 2014, investigators made an effort to retrieve the emails and cell phone records as early as 2010. Curtis testified that at the behest of her lawyer, she attempted to retrieve her emails in October 2010, but the email account had been deactivated, and an FBI special agent testified that he sent preservation letters, but too much time had already passed. In addition, Curtis's laptop that she used to communicate with Jackson was stolen from her vehicle in approximately August 2009, and a special agent obtained the police report and determined that the laptop was never recovered. Thus, Jackson's claim that the five-year delay prevented the retrieval of the emails and phone records is disingenuous.

More significantly, Jackson has not demonstrated substantial prejudice. The unavailability of evidence alone is insufficient to show that Jackson suffered actual and substantial prejudice, *Woolfolk*, 304 Mich App at 454, and Jackson has not shown that any of records would have been helpful to his defense. He asserts that, without the records, there is nothing to support Curtis's accomplice testimony. However, the actual police reports created and signed by Jackson were admitted in evidence. A Detroit police captain explained that each Detroit police officer has a unique password in order to enter the system to generate police reports and that Jackson's unique password was used to generate the false reports. Two FBI special agents testified that Jackson confessed to creating and selling the false police reports to Curtis. There is no basis for believing that the existence or nonexistence of evidence that Curtis communicated with Jackson by text messaging or email would have exonerated him. Jackson's mere assertion that the evidence *could* have assisted his defense is too speculative to satisfy the threshold requirement of actual and substantial prejudice. Therefore, Jackson has not established plain error.

Additionally, even if the missing communications might have aided Jackson's defense, the record amply demonstrates that the delay resulted from the need for additional investigation. *United States v Lovasco*, 431 US 783, 790; 97 S Ct 2044; 52 L Ed 2d 752 (1977). And there is nothing in the record to indicate that the prearrest delay was intended to gain a tactical advantage for the prosecution. *People v Adams*, 232 Mich App 128, 144; 591 NW2d 44 (1998).

Jackson has not established that any delay in his arrest violated his right to due process.

Affirmed.

/s/ Michael J. Riordan
/s/ Henry William Saad
/s/ Michael J. Kelly