# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DAMIN HAGAN,

        Defendant-Appellee.

UNPUBLISHED
September 13, 2016

No. 327008
Wayne Circuit Court
LC No. 14-008057-FH

Before: GADOLA, P.J., and WILDER and METER, JJ.

PER CURIAM.

The prosecution appeals as of right the trial court's order granting defendant's motion to dismiss on the ground of prearrest delay. Defendant was charged with one count of first-degree child abuse, MCL 750.136b(2). We reverse and remand.

The prosecution contends that the trial court erred when it granted defendant's motion to dismiss because defendant failed to demonstrate actual and substantial prejudice resulting from the prearrest delay.

This Court reviews for an abuse of discretion a trial court's ruling on a motion to dismiss because of prearrest delay. *People v Tanner*, 255 Mich App 369, 412; 660 NW2d 746, rev'd on other grounds 469 Mich 437 (2003); *People v Herndon*, 246 Mich App 371, 389; 633 NW2d 376 (2001). "An abuse of discretion occurs when the court chooses an outcome that falls outside the range of reasonable and principled outcomes." *People v Unger*, 278 Mich App 210, 217; 749 NW2d 272 (2008). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012). Additionally, defendant's claim of prearrest delay implicates constitutional due process rights, which this Court reviews de novo. *People v Cain*, 238 Mich App 95, 108; 605 NW2d 28 (1999).

A mere delay between the time of the offense and the time of a defendant's arrest does not amount to a denial of due process. *People v Patton*, 285 Mich App 229, 236; 775 NW2d 610 (2009). "There is no constitutional right to be arrested." *Id.* (citations and quotation marks omitted). Instead, the "guideline is whether the record presents evidence of prejudice resulting from the delay which violates a defendant's right to procedural due process." *Id.* (citations and quotation marks omitted). In order to determine whether a defendant's due process rights have been violated in the context of prearrest delay, Michigan applies a balancing test. *Cain*, 238

-1-

Mich App at 108. This balancing test requires that the defendant first come forward with evidence of prejudice resulting from the delay, and once prejudice has been established, the burden shifts to the prosecution to persuade the reviewing court that the reason for the delay was sufficient to justify any prejudice that resulted. *Id*. at 109. "Before dismissal may be granted because of prearrest delay there must be actual and substantial prejudice to the defendant's right to a fair trial and an intent by the prosecution to gain a tactical advantage." *Patton*, 285 Mich App at 237 (citation and quotation marks omitted).

In order to demonstrate prejudice, a "[d]efendant must present evidence of *actual and substantial prejudice*, not mere speculation." *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014) (emphasis added). "[A]ctual and substantial prejudice requires more than generalized allegations." *Patton*, 285 Mich App at 237 (citation and quotation marks omitted). Substantial prejudice may be found where the delay has "meaningfully impair[ed] the defendant's ability to defend against the charge in such a manner that the outcome of the proceedings was likely affected." *Id*. However, general allegations that the delay resulted in lost memories, witnesses, and evidence are not sufficient to demonstrate prejudice, . . . *even if the delay was an especially long one*[.] *Woolfolk*, 304 Mich App at 454 (emphasis added); see also *People v Adams*, 232 Mich App 128, 138-139; 591 NW2d 44 (1998) (holding that a prearrest delay of 12 years was not prejudicial because the defendant's claims of prejudice were "too indefinite and speculative" to establish actual and substantial prejudice).

Here, defendant failed to satisfy his initial burden of demonstrating actual and substantial prejudice resulting from the prearrest delay. Defendant brought forth only general allegations. More specifically, defendant alleged that because of a lack of memory, which would impair his ability to remember what he was doing or where he was located around the time of the prior incidents involving his son, DH, he would have difficulty in defending himself. Thus, defendant's argument focused on how evidence of DH's previous injuries would prejudice him. In large part, defendant essentially argued that the time lapse prejudiced him because it affected his ability to develop an alibi defense. However, defendant's assertions are unsupported. It is well-settled that speculative, general allegations of lost memories, witnesses, and evidence are insufficient to demonstrate prejudice. *Woolfolk*, 304 Mich App at 454.

Moreover, defendant merely speculates that the prosecution would attempt to introduce evidence of injuries that DH sustained before the December 7, 2010, incident involving defendant. Defendant's speculation that DH's medical records and Child Protective Services transcripts would have been prejudicial to him is insufficient to show actual and substantial prejudice. See *Adams*, 232 Mich App at 137. Additionally, although the prearrest delay in the present case was approximately 3½ years long, the length of delay does not automatically create a showing of prejudice; instead, a defendant must present evidence of actual and substantial prejudice to satisfy his burden in a prearrest delay claim. *Id*. We conclude that defendant failed to demonstrate actual and substantial prejudice, which was required to shift the burden to the prosecution and necessitate further evaluation. See *Cain*, 238 Mich App at 109.

Even assuming, *arguendo*, that defendant had successfully shown actual and substantial prejudice, the trial court erred in implicitly finding that the prosecution's proffered reason for the delay was not justified. After a defendant establishes actual and substantial prejudice, the burden shifts to the prosecution to persuade the reviewing court "that the reason for the delay was

-2-

sufficient to justify whatever prejudice results." *Id*. at 108 (citations and quotation marks omitted). An example of a justified reason for delay is the need to investigate the defendant further rather than a desire to obtain a tactical advantage. *Adams*, 232 Mich App at 140-141. "In evaluating the reason for the delay, the court may consider the explanation for the delay, whether the delay was deliberate, and whether undue prejudice attached to the defendant." *Cain*, 238 Mich App at 109 (citations and quotation marks omitted).

Here, the prosecutor noted that he inherited the case from another prosecutor, and as such, he could not give a specific reason for the delay. The best reason the prosecutor could provide was the lack of attorneys to review cases in the Child Abuse Division of the prosecutor's office. Although the prosecution may not have persuaded the trial court of the reason for the delay, there was no evidence that the prosecution deliberately delayed bringing a charge against defendant or that the delay was the result of the prosecution seeking to gain a tactical advantage. Additionally, the prosecutor denied any malicious intent or intent to gain a tactical advantage by the prearrest delay. A review of the lower court record reveals, at most, the prosecution's oversight in bringing the charge against defendant rather than a deliberate attempt to delay proceedings against defendant, and again, there is insufficient evidence of prejudice. Reversal is warranted. See, generally, *id*.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter