# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

COREY BERNARD HOWELL,

        Defendant-Appellee.

UNPUBLISHED
December 27, 2018

No. 340773
Wayne Circuit Court
LC No. 17-006506-01-FC

Before: CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

In June 2017, defendant was charged with three counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(e) (armed with a weapon), or MCL 750.520b(1)(f) (personal injury and force or coercion), for allegedly sexually assaulting the 15-year-old victim, FH, about 11 years earlier, on December 15, 2006. Defendant filed a motion to dismiss the charges, arguing that the delay violated his due process rights. The trial court agreed and granted defendant's motion to dismiss. The prosecution now appeals as of right the trial court's order dismissing the charges. We reverse.

Defendant was originally charged with CSC in February 2007 for allegedly assaulting FH. FH failed to appear at the May 2007 preliminary examination, and as a result, the charges against defendant were dismissed without prejudice. In May 2008, DNA results revealed that DNA in the sexual assault kit matched defendant. Officer Kimree Beckem was instructed to locate FH after the DNA results had come in; however, there is no indication that Officer Beckham could reach FH. After the charges were dismissed, FH's sexual assault kit was sealed and placed in storage. The prosecution asserted that in 2012, FH was again contacted, and she stated that she was not emotionally capable of pursuing the case at that time. In 2016, FH was again contacted, an investigation was conducted, and the prosecution refiled the charges. Defendant filed a motion arguing that his due process rights had been violated due to the prosecution's delay in charging defendant the second time. The trial court granted defendant's motion to dismiss.

On appeal, the prosecution argues that the trial court abused its discretion in granting defendant's motion to dismiss for prearrest delay because defendant failed to meet his burden of showing that he suffered actual and substantial prejudice due to the delay and that the prosecution sought the delay to gain a tactical advantage. We agree.

-1-

"This Court reviews a trial court's ruling regarding a motion to dismiss for an abuse of discretion." *People v Adams*, 232 Mich App 128, 132; 591 NW2d 44 (1998). "A trial court may be said to have abused its discretion only when its decision falls outside the principled range of outcomes." *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008). A court abuses its discretion when it makes an error of law. *People v Giovannini*, 271 Mich App 409, 417; 722 NW2d 237 (2006) (citation omitted). "A challenge to a prearrest delay implicates constitutional due process rights, which this Court reviews de novo." *People v Cain*, 238 Mich App 95, 108; 605 NW2d 28 (1999).

"A prearrest delay that causes substantial prejudice to a defendant's right to a fair trial and that was used to gain tactical advantage violates the constitutional right to due process." *People v Woolfolk*, 304 Mich App 450, 454; 848 NW2d 169 (2014). However, " '[m]ere delay between the time of the commission of an offense and arrest is not a denial of due process. There is no constitutional right to be arrested. Rather, the guideline is whether the record presents evidence of prejudice resulting from the delay which violates a defendant's right to procedural due process.' " *People v Patton*, 285 Mich App 229, 236; 775 NW2d 610 (2009), quoting *People v Anderson*, 88 Mich App 513, 515; 276 NW2d 924 (1979) (citations omitted).

A balancing test is applied to determine whether a defendant's due process rights have been violated as a result of a prearrest delay. *Cain*, 238 Mich App at 108. The defendant bears the initial burden of demonstrating prejudice. *Id*. If a defendant demonstrates prejudice, then the prosecution bears the burden of persuading the court that the delay was not deliberate and did not prejudice the defendant. *Id*.

The prejudice to the defendant must be actual and substantial, not mere speculation. *Woolfolk*, 304 Mich App at 454. " 'Actual and substantial prejudice requires more than generalized allegations.' " *Patton*, 285 Mich App at 237, quoting *Adams*, 232 Mich App at 135. "Substantial prejudice is that which meaningfully impairs the defendant's ability to defend against the charge in such a manner that the outcome of the proceedings was likely affected." *Patton*, 285 Mich App at 237. Until the defendant has satisfied its burden of demonstrating actual and substantial prejudice, "the prosecution's burden—to persuade the court that the delay was justified in the face of any resulting prejudice—is not triggered." *Adams*, 232 Mich App at 135 (quotation marks and citation omitted).

In this case, defendant failed to meet his initial burden of establishing actual and substantial prejudice because defendant only provided his own affidavit to assert that the delay caused the loss of exculpatory witnesses. Specifically, defendant asserted that the deaths of two potentially exculpatory witnesses, Norman Walker and Kevin Williams, caused defendant to suffer prejudice because they were no longer able to provide exculpatory testimony. And defense counsel had claimed in the trial court that there had been "a bunch" of other people around prior to the alleged assault who could have corroborated that FH was "flirtatious" with defendant had these charges been brought earlier. These assertions are insufficient.

"A defendant cannot merely speculate generally that any delay resulted in lost memories, witnesses, and evidence, even if the delay was an especially long one." *Woolfolk*, 304 Mich App at 454 (internal citations omitted). This Court has stated that the death of a witness alone is insufficient to establish actual and substantial prejudice:

The death of a potential witness during the preindictment period may demonstrate the requisite prejudice if the defendant can demonstrate that exculpatory evidence was lost and could not be obtained through other means. . . . However, a defendant does not show actual prejudice based on the death of a potential witness if he has not given an indication of what the witness's testimony would have been and whether the substance of the testimony was otherwise available.

Even where a defendant specifies what a deceased witness's testimony would have been, actual prejudice is difficult to prove. [*Adams*, 232 Mich App at 136 (citation omitted).]

Here, although defendant did provide specific statements as to what he claims Walker and Williams would have testified to, he had the burden of establishing that the deaths of these witnesses amounted to actual prejudice. Defendant offered only his self-serving affidavit, which asserts that he spoke with Walker and Williams after the initial charges were filed, and both men agreed to testify. Defendant asserted that after the initial charges were filed in 2007, Walker told defendant that he would testify that FH had initiated consensual sex, defendant did not have a gun on the night of the alleged assault, and FH had attempted to engage in sexual activity with Walker as well. Defendant asserted that Williams told him that he overheard a conversation between FH and her friend, in which FH discussed blackmailing defendant by accusing him of sexual assault in order to extort money from him. Defendant argued that he was prejudiced by the delay because these witnesses died during the delay and could no longer provide this exculpatory testimony. Defendant's own statement that these witnesses agreed to provide exculpatory testimony does not establish actual prejudice. Defendant had ample time to obtain statements from both Walker and Williams while the charges were pending in 2007. The alleged sexual assault occurred in December 2006, defendant was initially charged in February 2007, and the case was not dismissed for the first time until the preliminary examination in May 2007. Despite the three-month period between the initial filing of charges and the preliminary examination, no formal statements by either exculpatory witness were ever obtained. Moreover, defendant failed to provide any independent evidence that Walker or Williams would in fact have testified or that they would have testified to the statements that defendant has asserted they would. Therefore, defendant's assertion as to what the witnesses would testify to is essentially speculative, and it does not amount to a showing of actual prejudice.

Additionally, the deaths of both of these individuals could have been equally as prejudicial to the prosecution's case. Had either of these men given statements, their statements could have corroborated the statements that FH gave regarding that night, bolstering the prosecution's case and harming defendant's case. Defendant has failed to establish that his defense was actually and substantially impaired by the deaths of these two witnesses.

Further, defense counsel's assertion that there were other people who could have corroborated that FH was flirtatious with defendant prior to the assault amounts solely to general allegations and mere speculation. There is no indication as to who these people are or whether there were in fact people who witnessed FH flirt with defendant. This Court has stated that an unsupported statement of defense counsel is not evidence and cannot support a finding of actual and substantial prejudice. *People v Williams*, 114 Mich App 186, 202; 318 NW2d 671 (1982).

Even if there were individuals who could testify to seeing FH and defendant being flirtatious, these individuals were not present when FH was allegedly assaulted, and therefore, their testimony would not substantially assist defendant's defense.

Nonetheless, the trial court found that defendant's right to due process had been violated because the delay was too long and too prejudicial to defendant. However, a delay alone does not establish prejudice because a defendant has no right to be arrested. See *Patton*, 285 Mich App at 236. Instead, the proper test is whether the defendant has established actual and substantial prejudice to his defense. *Adams*, 232 Mich App at 135. In regard to the affidavit defendant offered to establish his burden, the court only stated that, "[u]nfortunately, we'll never know if this really was ever going to be testified to or not by these people." This evidence did not amount to a showing of actual and substantial prejudice, and therefore, the trial court erred in finding that defendant's due process rights had been violated.

Even if defendant had established his initial burden of showing that he was prejudiced by the length of the delay, there is no evidence that the delay was caused by the prosecution's attempt to gain a tactical advantage. The trial court found that part of the problem was "these long gaps between 2012 until now filing the case." The trial court did not make a finding that the prosecution sought the delay to gain a tactical advantage. Rather, the court found that the delay was simply "too long and . . . too prejudicial to the defendant." The prosecution asserted multiple reasons for the delay, the primary reason being FH's unwillingness to testify against defendant prior to 2016. Therefore, the trial court erred in finding that defendant's due process rights had been violated because the record is devoid of any proof that the prosecution sought the delay to gain a tactical advantage.

In conclusion, defendant failed to satisfy his burden of demonstrating actual and substantial prejudice due to the delay between the commission of the alleged sexual assaults and his arrest in 2017, and there is no evidence that the prosecution sought the delay to gain a tactical advantage. Therefore, the trial court abused its discretion by granting defendant's motion to dismiss for prearrest delay.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron

-4-