*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

SCOTTIE DELORAN HILL,

Defendant-Appellant.

UNPUBLISHED
January 23, 2025
1:08 PM

No. 366130
Eaton Circuit Court
LC No. 2022-020166-FH

Before: M. J. KELLY, P.J., and LETICA and WALLACE, JJ.

PER CURIAM

Following a jury trial, defendant, Scottie Hill, appeals by right his conviction of delivering or manufacturing a controlled substance in an amount less than 50 grams, MCL 333.7401(2)(a)(*iv*). We affirm for the reasons stated in this opinion.

## I. BASIC FACTS

On August 12, 2019, an undercover police officer pulled his vehicle to the front of Hill's house and called Hill to let him know that he had arrived. Hill and another man were on the porch at the time, and the officer observed Hill answer the telephone. The officer testified that Hill instructed him to remain in his vehicle. Hill went inside the house. He then approached the officer's vehicle and told him to pull into the driveway. Thereafter, Hill got in the officer's vehicle. The officer gave Hill $150 and, in exchange, Hill provided him with a "plastic sandwich bag" with a substance that resembled cocaine. The officer asked if he could purchase more cocaine for an addition $100. Hill agreed. After another trip into the house, he gave the officer a white, powdery substance in "white receipt tape" and was paid the additional money. When the officer returned to the police station, he field-tested the substance and determined that it was cocaine. Subsequently, laboratory testing confirmed the substances to be cocaine.

Although the undercover purchase occurred in August 2019, no charges were brought against him until September 2021 and Hill was not arrested until May 8, 2022. At a September 2022 status conference, the prosecutor stated that Hill had had an outstanding warrant "the entire time" between the offense date and when he was arrested. Hill's lawyer stated that that was "untrue." Thereafter, the prosecutor indicated that his involvement in the case had started after the

arrest warrant had been issued, and he stated that he did not know why there was a delay between the date of the offense and the date that charges were issued.

Hill's lawyer did not move to dismiss the case based upon pre-arrest delay and the case proceeded to trial. The prosecutor asked the officer why he waited until September 2021 to request charges. In response, the officer stated that, although he did not want to say that "it fell by the wayside," other cases that he was involved with had taken priority. Additionally, he explained that it is the policy of the drug task force to conduct additional investigation after making a controlled-substance purchase so that it could be determined whether the individual selling drugs was involved in a wider drug-distribution conspiracy. In Hill's case, after the first purchase, he was unable to reach Hill to arrange more controlled-substance purchases.

Following the trial, the jury convicted Hill as charged. This appeal follows.

## II. PRE-ARREST DELAY

### A. STANDARD OF REVIEW

Hill argues that, as a result of the prearrest delay, he was denied his right to due process and his right to present a defense. This Court reviews de novo whether a defendant was denied his constitutional right to present a defense. *People v Unger (On Remand)*, 278 Mich App 210, 247; 749 NW2d 272 (2008). However, because Hill failed to preserve this claim by raising it before the trial court, our review is for plain error affecting Hill's substantial rights. See *People v Pipes*, 475 Mich App 267, 274; 715 NW2d 290 (2006). To establish a plain error, a defendant must first show that "(1) an error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights, i.e., prejudiced defendant by affecting the outcome of the proceedings." *People v Anderson*, 341 Mich App 272, 279-280; 989 NW2d 832 (2022). Hill must also show that the error caused the conviction of an innocent person or "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." See *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999) (quotation marks and citations omitted).

### B. ANALYSIS

In *People v Patton*, 285 Mich App 229, 236; 775 NW2d 610 (2009), this Court explained:

> Mere delay between the time of the commission of an offense and arrest is not a denial of due process. There is no constitutional right to be arrested. Rather, the guideline is whether the record presents evidence of prejudice resulting from the delay which violates a defendant's right to procedural due process. [Quotation marks and citation omitted).]

"Before dismissal may be granted because of prearrest delay there must be actual and substantial prejudice to the defendant's right to a fair trial and an intent by the prosecution to gain a tactical advantage." *Id*. at 237 (quotation marks and citation omitted). "Substantial prejudice is that which meaningfully impairs the defendant's ability to defend against the charge in such a manner that the outcome of the proceedings was likely affected." *Id*. However, "[a]ctual and substantial prejudice requires more than generalized allegations." *Id*. (quotation marks and citation omitted).

-2-

"If a defendant demonstrates prejudice, the prosecution must then persuade the court that the reason for the delay sufficiently justified whatever prejudice resulted." *Id*.

In this case, Hill contends that the prearrest delay caused him actual and substantial prejudice to his defense because his brother died approximately one year prior to his arrest. "[D]eath of a witness alone is insufficient to establish actual and substantial prejudice[.]" *People v Adams*, 232 Mich App 128, 136; 591 NW2d 44 (1998). Instead, the death of a potential witness may be sufficient to establish substantial prejudice if that witness's testimony would have provided exculpatory evidence that the defendant could not otherwise have obtained. *Id*. The defendant must indicate what that testimony would have been. *Id*. "Even where a defendant specifies what a deceased witness's testimony would have been, actual prejudice is difficult to prove." *Id*. (quotation marks and citation omitted).

In this case, Hill has not demonstrated that he was actually and substantially prejudiced by the prearrest delay. In his affidavit, Hill avers that on August 12, 2019, he was at his mother's house "much" of the day. He states that his older brother was with him and that because he was home with his brother "all day," his brother would have been able to "testify regarding my whereabouts" and the people that he interacted with that day. Such facts are within Hill's personal knowledge.

Yet, Hill then states that he "believes" his brother would have provided exculpatory testimony. He avers that his brother:

> would have testified that no one came to my mother's house to buy drugs on August 12, 2019 and that he has never seen me meet with someone that looked like [the undercover officer.]

Stated differently, he speculates that his brother was paying attention to him and was within view of him for the entire day. Hill further assumes that his brother would have remembered each and every interaction that Hill had with another person on August 12, 2019. Yet, there is nothing in Hill's affidavit suggesting that his brother had any particular reason to remember that day and that day's interactions as opposed to having only general recollections of what typically would happen when he and Hill were both at their mother's house. Hill also surmises that his brother would have testified that he never saw Hill with someone that looked like the undercover officer. But neither he nor this Court has any reason to know if Hill's brother would have found the officer to be familiar or unfamiliar. Hill believes his brother would have stated that no drug-transactions occurred, but even if Hill's brother was present at the time of the sale it is entirely possible that Hill's brother was unaware that a drug-transaction was occurring. Indeed, the sale was arranged over the phone and the transaction was completed inside the officer's vehicle. In light of the foregoing, we conclude that Hill's speculative assertions are insufficient to establish actual and substantial prejudice.

Moreover, even if we were to assume the existence of actual and substantial prejudice as a result of the prearrest delay, reversal would still not be warranted because the record reflects that

the reasons for the delay justified the resultant prejudice.[1]  Although the prosecutor stated at a status conference that he was unaware of the reasons for the delay, the officer testified to the reasons at trial.  Specifically, he explained that he had other cases that took priority.  Further, he testified that the policy of the drug task force he was working with was not to arrest after a single purchase.  Rather, further investigation would occur.  The officer added that he attempted to arrange more purchases with Hill, but that he was unable to do so.[2]  Given this explanation, it is plain that there was no deliberate and intentional plot to delay Hill's arrest in order to gain a tactical advantage.  See *Adams*, 232 Mich App at 128 (stating that, unlike a delay to gain a tactical advantage, an investigative delay does not violate a defendant's due-process rights "even if his defense might have been somewhat prejudiced by the lapse of time.").[3]

In sum, Hill has not met his burden of showing that the prearrest delay was a plain error that affected his substantial rights.  His claim of actual and substantial prejudice amounts to speculation as to what his brother might have testified to had the case been brought sooner.  And given that the record plainly reflects that the reason for the delay was investigative and not to gain a tactical advantage, the delay did not deprive Hill of his due-process rights.

Finally, because dismissal based upon prearrest delay was not warranted, Hill's claim that his defense lawyer was ineffective for failing to move for dismissal on that basis is without merit. See *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010) ("Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel.").

Affirmed.

/s/ Michael J. Kelly
/s/ Anica Letica
/s/ Randy J. Wallace

---

[1] On appeal, Hill argues that there is a split in authority with regard to whether the defense or the prosecution bears the burden of establishing the reason for the delay is sufficient to justify the prejudice to the defense.  Compare *People v Bisard*, 114 Mich App 784; 319 NW2d 670 (1982) (holding that if a defendant shows actual and substantial prejudice, then the burden shifts to the prosecution to provide a justification for the delay) with *People v White*, 208 Mich App 126; 527 NW2d 34 (1992) (holding that a defendant must establish both prejudice and intent by the prosecutor to gain a tactical advantage).  Although *Bisard* is not binding because it was published before November 1, 1990, published cases issued after November 1, 1990, have relied upon the *Bisard* standard instead of the *White* standard.  See *Adams*, 232 Mich App at 133-134. Nevertheless, we need not resolve the conflict at this time because, regardless of whether the burden rests with the defense or the prosecution, the outcome of this appeal would be the same.

[2] We note that the period of prearrest delay was from 2019 until 2022.

[3] Moreover, there is no indication that the prosecution was even aware that Hill's brother was a potential witness or that they knew anything about the state of his health, let alone that they were waiting for him to die so that they could bring the instant case against Hill.